WALTER L. BROWN, Administrator of the Estate of Leslie Phillips Brown, Deceased, Appellant, v. TOEDEBUSCH TRANSFER, INC., a Corporation.—No. 39130.—190 S. W. (2d) 239.

Division One, November 5, 1945.

*Fred Wesner* and *Trusty & Pugh* for appellant.

*Carl L. Crocker, Watson, Ess, Groner, Barnett & Whittaker, Carl E. Enggas,* and *Douglas Stripp* for respondent.

DOUGLAS, J.—Deceased was riding in an automobile going east on Highway 40 on a February night. There was snow on the ground and some parts of the highway were coated with ice. Several miles west of the New Florence junction the automobile collided head on with defendant's truck comprising a tractor and trailer. Three of the four occupants of the automobile were killed.

Plaintiff, administrator of deceased's estate, alleges in his petition the collision was caused by the truck being on the wrong side of the highway. He then specifies two acts of negligence on the part of defendant namely, (1) failure to keep a lookout ahead; and (2) failure to drive as close to the right-hand side of the highway as practicable.

The sole survivor of the occupants of the automobile testified he was riding "scooted down in the back seat looking out the right side of the window" when an exclamation of alarm came from the occupants of the front seat which caused him to raise up to the rear of the front seat and look ahead along the highway. He saw the

truck traveling on his side of the highway coming toward him. They collided head on in the middle of the highway.

The driver of the truck testified he was driving west on Highway 40. At the New Florence junction he saw a highway sign warning of ice on the pavement. After traveling a short time he saw in the distance ahead of him the lights of an approaching car coming over the crest of a hill, so he dimmed his lights. Shortly he observed that the approaching lights "swerved to the south and then they swerved back to the north." He drove the tractor completely off the pavement and on the shoulder and only the left rear tire of the trailer was on the pavement when the ▮▮▮ automobile crashed into the left front end of the tractor. Witnesses who came to the scene of the accident said the highway west of the place of collision was icy or slippery.

The sole issue of negligence submitted by the court to the jury was whether the collision was caused by the truck being driven on the wrong side of the highway as presented in one of plaintiff's offered instructions. The court gave for the defendant a converse of this instruction. The jury found for defendant and plaintiff appeals.

The only question for decision is whether the court erred in refusing another instruction offered by plaintiff on the failure of defendant to keep a lookout ahead. Such instruction proposed to charge the jury that if defendant failed to keep a reasonably careful and vigilant lookout ahead which directly contributed to the collision and was the direct and proximate cause of deceased's death, then the jury should find for plaintiff.

▮ It is well established by the decisions that the duty imposed by statute on a motor vehicle operator to drive in a careful and prudent manner and exercise the highest degree of care now requires the operator to keep more than a mere lookout ahead. He must keep a careful or vigilant lookout both ahead and laterally. Sec. 8383, R. S. A. 1939, Anno. Note 20.

▮ There are cases where a failure to keep such a lookout was the only negligent act which directly caused the accident. This was so in Kaley v. Huntley, 333 Mo. 771, 63 S. W. (2d) 21 where an automobile was being driven on a clear, unobstructed road when the driver turned her head to talk to an occupant of the back seat. The automobile left the road and crashed into a tree injuring a passenger.

In a case of contributory negligence, where the failure of plaintiff to keep a proper lookout causes an accident such is, of course, solely sufficient to uphold a judgment for defendant. In Nelson v. Evans, 338 Mo. 991, 93 S. W. (2d) 691, plaintiff attempted to pass an automobile traveling ahead of him in the same direction and failed to observe whether the other lane of the highway was clear before doing so and saw defendant's approaching truck with which he collided only a second before the impact. This court held those facts were

614

sufficient to sustain the jury's verdict for defendant on the issue the collision was caused by plaintiff's failure to keep the proper lookout; as submitted to the jury. See also Alexander v. St. Louis-San Francisco Ry. Co., 327 Mo. 1012, 38 S. W. (2d) 1023; and Woods v. Moore (Mo. Sup.), 48 S. W. (2d) 202. The cases of Hornbuckle v. McCarty, 295 Mo. 162, 243 S. W. 327; Schulz v. Smercina, 318 Mo. 486, 1 S. W. (2d) 113 and Capps v. Beene (Mo. App.), 162 S. W. (2d) 80, cited by plaintiff do not discuss the question we are considering.

In the case before us the proximate cause of the accident, according to plaintiff's theory, was the driving of defendant's truck on the wrong side of the highway. This was the sole clear cut issue. Plaintiff said the truck was being driven in the wrong lane and defendant said it was not. This issue was submitted to the jury by plaintiff's given instruction which authorized a verdict in his favor if the jury found such to be the fact. The reason for the truck being in the wrong lane might have been because of the failure of its driver to keep the proper lookout. If so, such failure was not the proximate cause of the collision but was a remote one. The proximate cause of the collision, according to the issue tried, was failing to keep as close to the right side of the highway as practicable which was in itself an act of actionable negligence. It is now made so by statute. Sec. 8385 (b), R. S. 1939. Where the fact of such act of negligence was the real issue, as it was in this case, and where such negligent act, if proved, was the proximate cause of the collision, we may not convict the trial court of error for refusing to give plaintiff's instruction on the failure to keep a proper lookout, a remote cause of the collision. That issue was immaterial under the facts of this case. Submitting an immaterial issue is likely to confuse the jury and cause it to speculate as to the real issue. We hold the court's refusal of the instruction was proper.

As the above ruling disposes of the case it is unnecessary further to discuss plaintiff's contention.

The judgment is affirmed. All concur.