Sherman LANDAU, Plaintiff-Respondent,

v.

**ST. LOUIS PUBLIC SERVICE COMPANY,**
a Corporation, Defendant-Appellant.

No. 46979.

Supreme Court of Missouri,

Division No. 1.

March 9, 1959.

Lester F. Stephens, St. Louis, for appellant.

Glennon T. Moran, St. Louis, for respondent.

HOLMAN, Commissioner.

In this husband's suit plaintiff seeks to recover $50,000 for medical expenses and

loss of services and society of his wife which resulted from injuries alleged to have been received by the wife when a car driven by her was struck by one of defendant's streetcars. The trial resulted in a verdict for defendant. Thereafter, the trial court entered an order sustaining plaintiff's motion for new trial on the sole ground that the court erred in giving Instruction No. 3 offered by defendant. Defendant has appealed from that order.

Mrs. Landau testified that the collision occurred on June 9, 1950, as she was driving an eastbound automobile in the 3000 block of Olive Street; that there were two lanes for eastbound traffic in addition to the curb lane which was occupied by parked cars; that her car was traveling about 25 m. p. h. in the inside lane with its left side about 1½ feet from the south rail of the eastbound streetcar track; that another automobile was moving alongside her car in the lane to her right; that as they approached a truck that was double parked the car to her right moved to the left which necessitated that she move her car about one foot closer to the streetcar tracks; that after she had traveled in that position at a constant speed of 25 m. p. h. for about 50 feet her car was struck at the left rear corner by one of defendant's eastbound streetcars.

Defendant's witness, James R. Hunt, stated that he was the operator of the streetcar in question; that the collision occurred just as the front of his streetcar arrived at a point north of the rear end of the "double parked" truck; that there was a stationary car just to the rear of the truck apparently awaiting an opportunity to pass; that the Landau car was never "out in front" or "ahead" of the streetcar; that the first notice he had of the occurrence was when he heard a scraping noise at the "front door section" on the right side of the streetcar; that he made a normal stop in about 100 feet and then discovered that the "side of the automobile was hooked on the side of the streetcar."

Plaintiff's case was submitted upon the humanitarian negligence of defendant in failing to slacken the speed of its streetcar. The factual situation hypothesized in the instruction was that "the automobile being driven by Mrs. Landau was in front of the streetcar, with the left wheels of said automobile in close proximity to the eastbound track and within the overhang of said streetcar as mentioned in the evidence, if you so find, and that Mrs. Landau was in a position of imminent peril of being struck by said streetcar, if you so find, and that said motorman and operator saw" etc.

Instruction No. 3, which the trial court concluded was erroneous, reads as follows: "The court instructs the jury that plaintiff's wife, Gay Landau, was, under the law, bound to exercise the highest degree of care for her own safety at the time and place in question, that is, such care as a very careful and prudent person would exercise under the same or similar circumstances. In this connection you are further instructed that if you find and believe from all of the credible evidence, that under all of the circumstances shown in evidence, plaintiff's wife drove the automobile mentioned in the evidence eastwardly on Olive Street at the time and place mentioned in the evidence, and if you find that plaintiff's wife was driving to the south of and alongside the moving eastbound streetcar mentioned in the evidence approximately 150 feet east of the east curbline of Cardinal Avenue, and if you find that plaintiff's wife swerved to the left and into and against the right front corner of said moving streetcar as she attempted to drive between said streetcar and a truck double parked at the south curb of Olive Street at a time when she saw, or in the exercise of the highest degree of care should have seen said moving eastbound streetcar, and if you further find that in so doing plaintiff's wife, Gay Landau, failed to exercise the highest degree of care and was negligent, and if you find that such negligence, if any, was the sole cause of the collision between said au-

tomobile and streetcar and whatever injury and damage, if any, plaintiff's wife, Gay Landau, sustained on the occasion in question, then, in such event, plaintiff, Sherman Landau, is not entitled to recover from defendant, and your verdict should be in favor of defendant."

Plaintiff contends that the instruction was prejudicially erroneous because it (1) improperly injected the defense of contributory negligence into the case, (2) failed to negative defendant's duty under the humanitarian doctrine, (3) assumes a disputed fact, and (4) evades the principal issue as to whether the automobile was overtaken by the streetcar as it approached from the west or whether the streetcar was overtaken by the car. Defendant contends (1) that the instruction was proper because it hypothesized facts that would preclude a recovery under the humanitarian doctrine, and (2) if there were deficiencies in Instruction No. 3 they were supplied by Instructions Nos. 1 and 4 offered by plaintiff.

■■ We have concluded that Instruction No. 3 was prejudicially erroneous. In the first place, we think it unduly emphasized the matter of the degree of care required of Mrs. Landau and tended to make the question of her negligence the paramount issue in the case. Our recent case of Sheerin v. St. Louis Public Service Co., Mo.Sup., 300 S.W.2d 483, would appear to be decisive upon that issue. In that case, wherein defendant's streetcar struck a pedestrian, the instruction we held to be erroneous was very similar to the instant one, although it perhaps contained some vices that do not appear in the one now under review.

In the Sheerin opinion we pointed out (300 S.W.2d loc. cit. 489) that one of the "most glaring errors" in the instruction was "the abstract statement in the first paragraph thereof, which, for convenience, we here quote: 'The Court instructs the jury that the plaintiff, John Sheerin, was, under the law, bound to exercise ordinary care and caution for his own safety at the time and place in question, that is such care as an ordinarily careful and prudent person would exercise under the same or similar circumstances.' * * * The vice of the first paragraph of the instruction is that it is not the law in cases involving humanitarian negligence." A comparison of the first paragraph quoted and the first paragraph in the instruction before us will indicate that they are identical except one involves ordinary care and the other relates to the highest degree of care. Note also the following from the Sheerin opinion: "At best, the instruction tends to make contributory negligence of plaintiff the dominant issue in the case when the essential question for determination by the jury was defendant's humanitarian negligence. Contributory negligence constitutes no defense to a humanitarian negligence submission and we have repeatedly held to be prejudicially erroneous any instruction that injects such an issue into the case or that is so worded it may reasonably lead the jury to believe that if plaintiff's negligence contributed to his injuries he cannot recover. * * * [O]rdinarily * * * there can be no legitimate reason for any mention of negligence or any hypothesized finding that such evidence constituted negligence. Consequently, when an instruction predicated upon such evidence refers in the abstract to the duties imposed upon plaintiff by law or recites that failure on his part to exercise lawful care constitutes negligence or characterizes his acts or conduct as negligence or authorizes the jury to determine whether the conduct submitted constitutes negligence, the probability of prejudicial error is great. This for the reason that under the humanitarian doctrine negligence or non-negligence of the plaintiff is beside the point. The ultimate issue is defendant's negligence * * *." 300 S.W.2d loc. cit. 488. In addition to the introductory paragraph relating to the degree of care required of plaintiff's wife, it should be noted that the instant instruction also required a finding

that in doing certain hypothesized acts the said driver "failed to exercise the highest degree of care and was negligent."

As heretofore noted, plaintiff's main instruction hypothesized the factual situation that Mrs. Landau was driving her car in front of the streetcar and that it was struck when overtaken by the streetcar. Instruction No. 3 hypothesized that Mrs. Landau was driving her car to the south of and alongside the moving streetcar and swerved to the left "into and against the right front corner" thereof. Plaintiff contends that the submission in Instruction No. 3 evades the primary issue in the case, i. e., "whether the streetcar overtook the automobile as shown by plaintiff's evidence, or whether the automobile overtook the streetcar." He also points to the fact that the instruction does not require a specific finding to the effect that the collision was not due to any negligence on the part of the operator of the streetcar. A sole cause instruction should specifically negative the defendant's humanitarian negligence as hypothesized in the plaintiff's main instruction. That may be accomplished by a specific reference to the negligence hypothesized in that instruction, Godfrey v. Bauer, Mo.Sup., 252 S.W.2d 281, or by "the hypothesization of the specific fact situation shown by the evidence to warrant a finding that such facts were the direct and proximate cause of the casualty and none of the acts or omissions (sufficiently identifying them) under which defendant's humanitarian negligence was submitted directly contributed to it in any degree." Sheerin v. St. Louis Public Service Co., supra, 300 S.W.2d 488. When strictly analyzed, we think Instruction No. 3 hypothesizes a situation which might preclude a finding that defendant was guilty of humanitarian negligence (a question we need not decide) because, if the instant automobile was alongside the streetcar just prior to the collision it could not have been in front of it at that time as hypothesized in plaintiff's instruction. Even so, we nevertheless do not approve the submission. We think the in-

struction should have, in plain language, either by reference to Instruction No. 1 or by hypothesizing the required facts, specifically negatived the defendant's humanitarian negligence as hypothesized in that instruction.

Plaintiff's main instruction (No. 1) contained the so-called "tail" which reads as follows: " * * * and this is true even though you find and believe from the evidence that Mrs. Landau was guilty of negligence in getting into the aforesaid position of peril, if any." Also, the court gave Instruction No. 4 at plaintiff's request which referred to Instruction No. 3, and contained a legal explanation of the term "sole cause" and told the jury that if it found that "defendant was negligent as submitted in said Instruction No. 1, and thereby directly contributed to cause the collision shown in evidence, then you cannot find for the defendant on the issue of sole cause * * *." Defendant states in its brief that "all instructions are to be read together, and if there were any deficiencies in said Instruction No. 3 (and we deny that there were any) they were more than amply supplied by plaintiff's Instructions Nos. 1 and 4." We do not agree. Instruction No. 3 purported to be a complete submission and directed a verdict for defendant upon a consideration of the directions therein contained and a finding of the facts therein hypothesized. In the situation presented, the prejudicial effect of Instruction No. 3 was neither waived nor cured by the fact that the court, at plaintiff's request, gave the other instruction mentioned. Sheerin v. St. Louis Public Service Co., supra; Bootee v. Kansas City Public Service Co., 353 Mo. 716, 183 S.W. 2d 892; Stanich v. Western Union Tel. Co., 348 Mo. 188, 153 S.W.2d 54.

Plaintiff also contends that the instruction assumes a disputed fact in reciting that plaintiff's wife swerved into the streetcar "as she attempted to drive between said streetcar and a truck double parked." There would appear to be some basis for that contention and hence that portion of

the instruction should be rewritten prior to another trial so as to eliminate any possibility of error in that respect.

The order granting plaintiff a new trial is affirmed and cause remanded.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.