**Mae L. CARNEY, Appellant,**

v.

**Bobby Duke STUART, Respondent.**

No. 47196.

Supreme Court of Missouri,

Division No. 2.

Feb. 8, 1960.

Claude W. McElwee, St. Louis, and Harry Carstarphen, Hannibal, for plaintiff-appellant.

F. D. Wilkins, Louisiana, Mo., Ely & Hibbard, Hannibal, for respondent.

STOCKARD, Commissioner.

In this suit for damages in the amount of $15,000 for personal injuries resulting from an automobile collision, the plaintiff has appealed from a judgment in favor of defendant entered pursuant to the jury verdict. The only contentions advanced by

plaintiff on this appeal pertain to the giving of certain instructions.

On the afternoon of October 31, 1954, plaintiff was operating a Dodge automobile eastward on U. S. Highway 40 and was approaching the intersection of Olive Street Road. At that place the highway consisted of four lanes, each ten feet in width. According to plaintiff she moved her automobile into the "inside" lane for eastbound traffic preparing to make a left-hand turn. Her view was unobstructed to the east for a distance of 750 feet and she was traveling about five miles an hour. She had reached the line dividing the two lanes for westbound traffic when she heard the "roar" of an automobile which was making a "terrible noise" and coming at a high rate of speed, and she then saw defendant's automobile going west in the curb lane "just about on us." She sounded her horn four or five times and "stepped on the gas" trying to get out of the path of the automobile, but when the front of her automobile was two feet beyond the north curb of U. S. Highway 40 and in Olive Street Road, defendant's automobile struck the right side of her automobile.

Defendant's version of the occurrence was that he was traveling west in the "curb lane" about 70 miles an hour. When he reached the top of the hill east of the intersection with Olive Street Road he slowed to 55 or 60 miles an hour. He first saw plaintiff's automobile when it was crossing the center line of the highway dividing the east and westbound lanes, and it was then moving slowly. He thought plaintiff would stop before she reached his lane of travel. When she reached the line dividing the two westbound lanes he realized that she was not going to stop, and he then applied full pressure on his brakes but he was not able to avoid hitting plaintiff's automobile. He could not turn to his left because of the traffic in the lane for eastbound traffic and did not turn to his right because that would have caused him to go in front of her moving automobile.

Plaintiff submitted her case to the jury on humanitarian negligence. Her verdict-directing instruction required findings of the existence of imminent peril, the defendant's duty to discover the plaintiff in such position, his ability thereafter to have slackened the speed of his automobile and swerved it and thereby avoid the collision, his failure to do so, and the resulting negligence. The instruction concluded with the statement that if the jury found the above to exist plaintiff was entitled to recover "even though you should also find and believe from the evidence that the plaintiff herself was guilty of negligence in a manner contributing to getting herself into the aforesaid position of peril, if any."

Plaintiff contends that defendant's sole cause instruction E is erroneous because it "injected the contributory negligence of the plaintiff as a defense" to her submission under the humanitarian rule; it contained an inadequate hypothesization of facts "upon which the jury could apply the abstract statement that contributory negligence is not a defense;" and it "erroneously specified the degree of care to be used by plaintiff." The instruction is as follows:

"The Court instructs you that it is the law of Missouri that the driver of an automobile within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is so close to the intersection as to constitute an immediate hazard.

"While the contributory negligence, if any, of the plaintiff is not a defense in this case, yet the court instructs you that if you find and believe from the evidence in the case that the plaintiff drove in an eastwardly direction along the said Highway 40 to the intersection thereof with Olive Street Road and that she then turned her automobile to the left and into the westbound traffic lane of Highway 40, if so, intending to enter said Olive Street Road, if so, and that at such time the defend-

ant was driving along Highway 40 in a westwardly direction, if so, and was sufficiently close to said intersection, if so, as to constitute a hazard of the collision of said motor vehicles;

"And if you further find that plaintiff continued to drive into and across the west-bound traffic lane of said Highway 40 and that plaintiff failed to yield the right of way to the defendant and that in so doing, if so, plaintiff failed to exercise the highest degree of care and was negligent;

"And if you further find that such negligence, if any, of the plaintiff was the sole cause of the collision of the said motor vehicles and that the collision was not due in any way to the negligence of the defendant in any of the particulars set out in other instructions herein and that when the defendant saw or in the exercise of the highest degree of care could have seen that the plaintiff was in a position of imminent peril and that the plaintiff was unable to escape therefrom or was oblivious thereto the defendant could not, through the exercise of the highest degree of care and with safety to himself and others, have avoided the collision of the two automobiles by slackening his speed or changing the direction of the progress of his automobile, then in that event you must find for the defendant."

■ In a humanitarian case a defendant may, as in a primary negligence case, undertake to absolve himself of liability on the ground that he was not negligent in the respects charged in plaintiff's instructions, and he may submit that issue to the jury by what is referred to as a converse instruction, which by its nature does not require the hypothesization of a set of facts from which it could be found that the injuries of plaintiff resulted from a cause or circumstance other than the negligence charged against defendant. See the dis-

cussion in Rosenfeld v. Peters, Mo.Sup., 327 S.W.2d 264, 267–268, concerning the use of the converse instruction in a humanitarian case. As distinguished from the above theory of defense, the defendant may also undertake to absolve himself of liability to plaintiff on the ground that the negligence or some act of plaintiff, or of some third person, was the sole proximate cause of plaintiff's injuries, and that he was not negligent in any respect charged against him. This issue may be submitted to the jury by what is known as a sole cause instruction. Borgstede v. Waldbauer, 337 Mo. 1205, 88 S.W.2d 373; Janssens v. Thompson, 360 Mo. 351, 228 S.W.2d 743; Jants v. St. Louis Public Service Co., 356 Mo. 985, 204 S.W.2d 698; Schlemmer v. McGee, Mo.Sup., 185 S.W.2d 806; Johnson v. Dawidoff, 352 Mo. 343, 177 S.W.2d 467; Robb v. St. Louis Public Service Co., 352 Mo. 566, 178 S.W.2d 443; Steffen v. Ritter, Mo.Sup., 214 S.W.2d 28; Parmley v. Henks, Mo.Sup., 285 S.W.2d 710. See also the following cases where a sole cause instruction was held to be erroneous, but where it was directly or inferentially stated that a properly worded sole cause instruction would have been permissible in a humanitarian case. Landau v. St. Louis Public Service Company, Mo.Sup., 322 S.W.2d 132; Sheerin v. St. Louis Public Service Company, Mo.Sup., 300 S.W.2d 483; Rosenfeld v. Peters, Mo.Sup., supra; Hickerson v. Portner, Mo.Sup., 325 S.W.2d 783. Commenting further on the theory of the sole cause defense, if a defendant undertakes to absolve himself from liability on this basis, he assumes the burden of hypothesizing a statement of facts, supported by the evidence, from which a jury could find that not only was there no negligence on his part which caused or contributed to cause plaintiff's injuries, but in addition thereto that the sole proximate cause of plaintiff's injuries was the act or negligence of someone other than him, and the hypothesization of facts· in the instruction, or by proper reference to other instructions, must be complete in both respects.

The history of the use of the sole cause instruction in humanitarian negligence cases is primarily a development of the technique of wording the instruction so that it is not in conflict with the basic principle of the humanitarian rule that the antecedent negligence of the plaintiff in getting into a position of imminent peril does not constitute a defense to the humanitarian duty imposed on the defendant *thereafter* to take such action as he can within the required limits to avoid injuring the plaintiff. The humanitarian rule seizes upon a factual situation as it exists at the time the defendant knew or should have known that plaintiff was in a position of imminent peril, and whatever either plaintiff or defendant did (including negligent acts by either of them) prior to that time cannot affect the rights of the parties thereafter. Catanzaro v. McKay, Mo.Sup., 277 S.W.2d 566; Anderson v. Prugh, 364 Mo. 557, 264 S.W.2d 358. Therefore, in a humanitarian case the plaintiff must not word his verdict-directing instruction so as to direct or permit the jury to consider the failure of the defendant to exercise due care prior to the time plaintiff entered into the position of imminent peril (Anderson v. Prugh, supra), and the defendant, whether in a converse instruction (Catanzaro v. McKay, supra), or in a sole cause instruction (Sheerin v. St. Louis Public Service Company, supra; Hickerson v. Portner, supra; Rosenfeld v. Peters, supra), must not word his instructions so as to inject as a defense, directly or by reasonable inference, the failure on the part of the plaintiff to exercise the required degree of care prior to entering a position of imminent peril. This objectionable feature can result from saying too much in an instruction as from saying too little, and the inclusion in an instruction, whether it be in plaintiff's verdict-directing instruction, (Anderson v. Prugh, supra), or defendant's converse instruction (Catanzaro v. McKay, supra), or defendant's sole cause instruction (Sheerin v. St. Louis Public Service Company, supra; Hickerson v. Portner, supra; Rosenfeld v. Peters, supra), of an abstract statement of the legal duty or degree of care required of plaintiff or defendant prior to the time the position of imminent peril arose can only result in confusion, misdirection, and prejudicial error. The inclusion in instruction E of the abstract statement pertaining to the law of right of way, and its subsequent application to the facts has no place in a humanitarian negligence case. Whatever may have been its purpose, it could only serve to create the impression to the jury that the negligent failure of plaintiff to observe the law of right of way prior to her entry into a position of imminent peril constituted a defense to defendant's humanitarian negligence, if any. But, plaintiff was entitled to maintain her action based on defendant's humanitarian negligence even though she did violate the law of right of way.

In Rosenfeld v. Peters, supra, 327 S.W. 2d at page 267, it was pointed out that "It is sometimes overlooked 'that any defendant's instruction based on the theory that a plaintiff's injuries were caused solely by his own negligence actually submits a converse situation from the plaintiff's humanitarian submission' * * *." In Catanzaro v. McKay, supra, a converse instruction started with an abstract statement pertaining to the law of right of way, and then in the body of the instruction, as in this case, applied that legal principle to the facts. It was there said: " * * * [T]he portions of the instruction dealing with right of way had no place in this humanitarian case * * *. Neither the abstract statement of the law of right of way * * * nor the attempted application of that principle to the instant facts were appropriately mentioned in this so-called converse humanitarian instruction." [277 S.W.2d 571.] It was then pointed out that there are certain evidentiary matters to be considered by a jury in determining the reasonable appearances to a defendant which may be partially determinative of the time and place a jury may find plain-

tiff was in imminent peril from defendant's standpoint, and "in this connection, a defendant could argue the law of right of way as it might relate to the question of 'reasonable appearances' to defendant, particularly in a case wherein 'right of way' was a fact issue. But an instruction which is so drawn as to indicate that 'right of way' has something to do with the relative rights of plaintiff and defendant after the humanitarian doctrine has seized upon a fact situation is prejudicially erroneous."

The instruction in this case is more nearly like the one in Sheerin v. St. Louis Public Service Company, but that instruction had certain erroneous features not present in instruction E. However, in the Sheerin case the court said that the inclusion of an abstract statement concerning the law of right of way was "one of its most glaring errors." [300 S.W.2d 489.] It was also said that where the evidence supports a finding that plaintiff's negligent act or omission was the sole cause of his injuries (and we think it does in this case) the defendant may "submit a finding that such *evidence* was the sole cause thereof." The following comment was then made which should be considered carefully in every case where a sole cause instruction in a humanitarian case is contemplated: "But ordinarily, in the submission of such evidence, there can be no legitimate reason for any mention of negligence or any hypothesized finding that such evidence constituted negligence. Consequently, when an instruction predicated upon such evidence refers in the abstract to the duties imposed upon plaintiff by law or recites that failure on his part to exercise lawful care constitutes negligence or characterizes his acts or conduct as negligence or authorizes the jury to determine whether the conduct submitted constitutes negligence, the probability of prejudicial error is great. * * The ultimate issue is defendant's negligence and generally it may be said that the safe submission of a defensive sole cause instruction in such a case is the hypothesiz-

ation of the specific fact situation shown by the evidence to warrant a finding that such facts were the direct and proximate cause of the casualty and none of the acts or omissions (sufficiently identifying them) under which defendant's humanitarian negligence was submitted directly contributed to it in any degree." In Hickerson v. Portner, supra, and Rosenfeld v. Peters, supra, this court again condemned a sole cause instruction in a humanitarian case which included an abstract statement concerning the law of right of way. In the Rosenfeld case it was indicated that it was not necessarily erroneous to require a finding that the acts of plaintiff hypothesized as the sole cause of his injuries constituted negligence, but it was specifically stated that if the defendant in that case had left out the clauses in his sole cause instruction concerning right of way (and had otherwise drafted the instruction correctly) it would have been a proper instruction.

We must and do conclude that the inclusion of the abstract statement of the law of right of way, and the subsequent attempted application thereof, was "not the law in cases involving humanitarian negligence," Sheerin v. St. Louis Public Service Company, supra, 300 S.W.2d at page 489, and notwithstanding the cryptic phrase to the effect that contributory negligence is not a defense and the required finding that defendant was not negligent in the respects charged, it injected a completely foreign and confusing element and thereby resulted in the instruction being misleading and prejudicially erroneous.

Since this case may be retried we will comment briefly on the complaints of plaintiff concerning the other instructions that (1) defendant's converse instructions were erroneous in that they instructed the jury that the duty of defendant to slacken the speed or swerve his automobile did not commence until the plaintiff was in a position of imminent peril and were therefore, "in conflict with the strict provisions of the Motor Vehicle Act, which imposed

the duty on the defendant to exercise precautionary vigilance to discover the plaintiff and to slacken the speed and to swerve his automobile, when it was, or should have been, apparent to him that the plaintiff was *approaching* a position of imminent peril," and (2) because they assumed that there was evidence that the speed of defendant's automobile could neither be slackened nor its direction changed without danger to others.

■ ■ The first contention is based on a misunderstanding of the basic principles of the humanitarian rule. Plaintiff relies on some language in Wilt v. Moody, Mo. Sup., 254 S.W.2d 15, which was expressly considered and disapproved in Anderson v. Prugh, supra. It was there said: "It is true that our motor vehicle law, Section 304.010 RSMo 1949, V.A.M.S., [since amended, but not changed in this respect] provides that 'Every person operating a motor vehicle on the highways of this state shall drive the same in a careful and prudent manner, and shall exercise the highest degree of care * * *.' And it is further true that 'the motor vehicle act exacts precautionary vigilance or alertness on the part of a motorist before an emergent situation has arisen, and even while the other party is approaching a position of imminent peril,' Wilt v. Moody, supra, 254 S.W.2d 15, 20, 21; Brown v. Toedebush Transfer Co., 354 Mo. 611, 190 S.W.2d 239, 240, but in such situation the failure to exercise such care is primary negligence and not humanitarian negligence. Mayfield v. Kansas City So. R. Co., supra [337 Mo. 79], 85 S.W.2d 116, 123. A plaintiff may not in an instruction have the benefit of the primary duty imposed by the statute and at the same time avoid the defense of contributory negligence. * * * There was no humanitarian duty 'to avoid injuring' plaintiff prior to the time she came into imminent peril." [264 S.W.2d 365.] This court has repeatedly denied, at least since Perkins v. Terminal R. Ass'n, 340 Mo. 868, 102 S.W.2d 915, and Buehler v. Festus Merc. Co., 343 Mo. 139, 119 S.W.2d 961, the application of the humanitarian rule to a case where the plaintiff was only *approaching* a position of imminent peril. Kimbrough v. Chervitz, 353 Mo. 1154, 186 S.W.2d 461; Murphy v. St. Louis Public Service Co., 362 Mo. 772, 244 S.W.2d 31; Ornder v. Childers, Mo.Sup., 327 S.W.2d 913.

■ The second contention erroneously assumes that a true converse instruction must have support in the evidence. The defendant can submit what is known as a converse instruction, and in doing so can "submit either the exact converse of plaintiff's verdict-directing instruction, * * * or the exact converse of any essential element of such instruction. * * * When either is done the result is what is referred to as a 'true converse instruction,' and such an instruction does not require affirmative testimony in support of it. * * *." Liebow v. Jones Store Company, Mo.Sup., 303 S.W.2d 660, 662. The instructions complained of on the basis above stated were true converse instructions.

For the error in giving instruction E the judgment is reversed and the cause is remanded.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.