**Aaron SIEGEL, Plaintiff-Appellant,**

v.

**Leroy PETERS, Defendant-Respondent.**

No. 48316.

Supreme Court of Missouri,

Division No. 1.

July 10, 1961.

Librach, Heller & Byrne, William P. Byrne, St. Louis, for appellant.

Murphy & Kortenhof, Joseph M. Kortenhof, St. Louis, for respondent.

HOLMAN, Commissioner.

In this action plaintiff sought to recover the sum of $35,000 for personal injuries and damage to his automobile resulting from a collision between his car and one driven by defendant. A trial resulted in a verdict for defendant. Plaintiff has appealed and here makes the sole contention that the trial court erred in giving Instruction No. 6 at the request of defendant. A companion case previously decided by this court is Rosenfeld v. Peters, Mo.Sup., 327 S.W.2d 264.

At about 6:30 p. m. on June 15, 1957, plaintiff was driving west on Highway 40 a short distance west of St. Louis, Missouri. He was accompanied by Audrey Rosenfeld. At that point the highway had four lanes, two for traffic in each direction with a grass dividing strip between. It was a dry, clear day and visibility was good. Plaintiff testified that he decided to turn around and therefore pulled into a crossover and brought his car to a complete stop; that he looked west and saw defendant's approaching car about 1,000 feet away; that he then drove into the inside (north) eastbound lane and had traveled about 25 feet when his car was struck by defendant's car; that he had started out at a speed of one mile per hour and had reached a speed of eight miles per hour at time of impact; that at one mile per hour he could have stopped instantly; that he heard no horn or screeching of brakes prior to the collision.

Defendant testified that he was driving east in the outside (south) lane at a speed of 65 miles per hour; that he saw plaintiff's car stop in the crossover when his car was 300 feet west of it; that when he first

saw plaintiff's car he took his foot off the accelerator but when he saw the car stop he accelerated again; that when plaintiff's car started into the eastbound lanes his car was 150 feet from the crossover; that plaintiff's car turned into the highway at an angle in such a manner that it blocked both lanes; that he swerved to the left and tried to get on the parkway but his car struck the left rear of plaintiff's vehicle; that he swerved, "hit the brakes, blew the horn, everything all at once"; that the collision occurred about 16 feet east of the crossover and at the time of the collision he had reduced the speed of his car from 65 to about 45 miles per hour. Upon cross-examination defendant stated that he did not blow the horn "until just about the time of impact."

Plaintiff's case was submitted upon the humanitarian negligence of defendant in failing to sound a warning.

As heretofore stated, plaintiff complains that Instruction No. 6 was erroneous. It reads as follows: "The court instructs the jury that if you find and believe from the evidence that the plaintiff, Siegel, stopped his automobile in the crossover mentioned in the evidence and that the front bumper of said automobile was approximately even with the north edge of the eastbound portion of Highway 40, and that at the time he so stopped, the defendant's automobile was approaching said crossover from the west, and that Siegel, without waiting for Peters' automobile to pass, started up and made a left turn into the eastbound portion of Highway 40, and that at the time Siegel started forward and came into a position of imminent peril, if you so find, defendant's automobile was so close that it was impossible for defendant to prevent the collision by sounding his horn, then you are instructed that you must return your verdict in favor of defendant and against the plaintiff whether defendant sounded his horn or not."

Plaintiff's first complaint in regard to the instruction is that it erroneously injected the issue of right of way into a humani-tarian submission. That contention is based upon the fact that the instruction stated "that Siegel, without waiting for Peters' automobile to pass, started up and made a left turn into" the highway. Plaintiff says that the only inference to be drawn from the quoted words is that Siegel was under a duty to allow Peters to pass and therefore the effect of the submission was the same as if it had hypothesized that plaintiff failed to yield the right of way.

■ We do not agree with plaintiff's contention. The instruction contained no statement about right of way and nothing was said therein concerning any duty on the part of plaintiff to yield the right of way. It seems to us that the quoted language was simply a factual submission of the manner in which plaintiff entered the highway and came into a position of imminent peril. We do not think the ordinary intelligent juror would consider the language complained of as a direction to return a verdict for the defendant upon a finding that plaintiff entered the highway "without waiting for Peters' automobile to pass." Somewhat similar language in an instruction was held not to inject antecedent or contributory negligence into the case in Montgomery v. Sobel, Mo.Sup., 334 S.W.2d 112.

■ This court has heretofore said that in a humanitarian case the defendant "must not word his instructions so as to inject as a defense, directly or by reasonable inference, the failure on the part of the plaintiff to exercise the required degree of care prior to entering a position of imminent peril." Carney v. Stuart, Mo.Sup., 331 S.W. 2d 558, 562. In support of his contention that the instant instruction violated the rule we have quoted plaintiff has cited Catanzaro v. McKay, Mo.Sup., 277 S.W.2d 566; Carney v. Stuart, supra; and Rosenfeld v. Peters, supra. In each of those cases the instructions specifically explained to the jury the law relating to right of way and were so worded as to convey the idea that failure to yield the right of way would

constitute a complete defense regardless of defendant's ability to avoid a collision under the humanitarian theory. The cases cited do not support plaintiff's contention. For the reasons indicated this point is ruled against plaintiff.

Plaintiff next asserts that the instruction under consideration was erroneous because it was misleading, confusing and in conflict with Instructions No. 1 and No. 5. The submission of plaintiff's case in Instruction No. 1 was that "as plaintiff Mr. Siegel started up and proceeded onto said Highway 40 he became and was in a position of imminent peril of being struck and injured by defendant Mr. Peters' automobile, if you so find, and that the defendant Mr. Peters by the exercise of the highest degree of care could have seen plaintiff Mr. Siegel in the aforesaid position of imminent peril, if so, in time thereafter by the exercise of the highest degree of care and by the use of the means and appliances at hand and with safety to himself and his automobile to have sounded a warning of the approaching proximity of his automobile sufficiently and in such manner as to have avoided colliding with the plaintiff but that the defendant Mr. Peters negligently failed to do so." Defendant's Instruction No. 5 (not complained of here) directed a verdict for defendant upon a finding "that at the time the Siegel automobile came into a position of imminent peril, defendant did sound his horn * * *." Instruction No. 6 specified that if the jury find that at the time plaintiff came into a position of imminent peril "defendant's automobile was so close that it was impossible for defendant to prevent the collision by sounding his horn, then you are instructed that you must return your verdict in favor of defendant and against the plaintiff whether defendant sounded his horn or not."

Plaintiff contends that the submission was confusing and contradictory because Instruction 5 directed a defendant's verdict upon a finding that defendant "did sound his horn" while the jury was told in Instruction No. 6 that under certain circumstances

it should return a verdict for defendant whether "he sounded his horn or not."

Defendant does not question the rule stated in the cases cited by plaintiff to the effect that instructions offered by a party should not be conflicting or worded in such a manner as to confuse the jury. He says, however, that the rule was not violated in this instance. For reasons hereinafter stated, we are of the opinion that Instruction No. 6 was consistent with the other instructions and would not have confused the jury.

Plaintiff concedes that Instruction No. 5 was a proper converse of the submission in Instruction No. 1 that defendant failed to sound a warning. However, Instruction No. 1 also required a finding that defendant, in the exercise of the highest degree of care, could have seen plaintiff in imminent peril in time to have sounded a warning in such manner as to avoid the collision. Instruction No. 6 properly controverted the submission that defendant had the ability to avoid the collision by sounding his horn. It directed a verdict for defendant if at the time plaintiff came into a position of imminent peril "defendant's automobile was so close that it was impossible for defendant to prevent the collision by sounding his horn." The portion plaintiff particularly complains of, i. e., "whether defendant sounded his horn or not," was surplusage and not an essential part of the submission. However, it tended to emphasize that defendant was entitled to a verdict if he could not have avoided the collision by sounding his horn and was not confusing or misleading. This point is accordingly overruled.

Plaintiff also contends that the instruction was erroneous because it ignored the issue of discoverable peril. That objection is without merit. In the first place defendant admitted that he was watching plaintiff's car at the time it moved into a position of peril. Also, it seems clear that the instruction was more favorable to plaintiff than it would have been if the requirement as to discoverable peril had been included therein. It was drafted on the theory that

defendant could not possibly have prevented the collision by sounding his horn after plaintiff came into a position of imminent peril. The element of knowledge was either assumed or dispensed with. The effect of the instruction was the same as it would have been if it had specified that defendant was required to act the instant plaintiff came into a position of imminent peril. Inserting a requirement concerning defendant's knowledge (either actual or constructive) could not have aided plaintiff. The same objection to similar converse instructions was disallowed in Welch v. McNeely, Mo.Sup., 269 S.W.2d 871, and Rosenfeld v. Peters, supra.

The final objection made by plaintiff to the instruction is that it "fails to require defendant to exercise the highest degree of care and substitutes the defendant's judgment as to his ability to avoid the accident." The latter part of that contention may be answered by a reading of the instruction. It clearly requires that the jury find that it was impossible for the defendant to prevent the collision by sounding his horn. Nothing therein stated would support the view that it substituted defendant's judgment as to his ability to avoid the collision for the jury finding in that regard. The contention that the instruction was erroneous because it failed to require defendant to exercise the highest degree of care in attempting to avoid the collision is likewise without merit. The same contention with reference to a similar instruction was ruled adversely to the plaintiff in the companion case of Rosenfeld v. Peters, supra. Therein we stated that the "omission is really in plaintiff's favor for the reasons we thus stated in Burow v. Red Line Service, 343 Mo. 605, 122 S.W.2d 919, 920: 'Logically considered this instruction is more favorable to plaintiff than it would have been if the requirement as to stopping or checking speed had been limited by inserting the words plaintiff says should have been inserted. This is true because the instruction as written only authorizes a verdict for defendant if it was impossible, upon any hypothesis, for the bus driver to have stopped or checked speed.'" 327 S.W.2d loc. cit. 268.

In view of our conclusion that Instruction No. 6 was not prejudicially erroneous we need not extend this opinion by a discussion of defendant's contention that the judgment should be affirmed because plaintiff failed to make a submissible case on failure to warn.

The judgment is affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.