Elizabeth QUIGLEY, Appellant,

v.

Dennis C. SNEED, a minor by his guardian ad litem, James W. Sneed, Respondent.

No. 49410.

Supreme Court of Missouri,

Division No. 2.

May 13, 1963.

William R. Kirby, St. Louis, for appellant.

Harry M. James, St. Louis, Allen D. Churchill, St. Louis, of counsel, for respondent.

STOCKARD, Commissioner.

Plaintiff has appealed from the judgment entered on the jury's verdict in favor of defendant in her action for $25,000 for personal injuries sustained in an automobile collision. We note that while in the petition and in the briefs the defendant is referred to as Dennis W. Sneed, he testified that his name is Dennis Clark Sneed.

■ Plaintiff's case was submitted to the jury on the humanitarian negligence of defendant in failing to stop or slacken the speed of his automobile or to slacken his speed and swerve his automobile. Appellant's contentions on this appeal pertain to alleged errors in instructions and the admission of certain testimony on cross-examination of one of appellant's witnesses. Respondent contends, however, that appellant did not make a submissible humanitarian case and that his motion for a directed verdict should have been sustained. If this is true, the trial errors asserted by appellant are immaterial. We shall review the evidence from a standpoint favorable to appellant and give her the benefit of any part of respondent's evidence favorable to her which is not contradicted by her own testimony and not contrary to her theory of recovery, and we shall give her the benefit of all favorable inferences arising therefrom. Davis v. Quality Oil Company, Mo., 353 S.W.2d 670.

On July 9, 1960, about 5:50 o'clock in the afternoon while a misty rain was falling, plaintiff was driving her Ford automobile southward on Roanoke Street in Florissant, Missouri, and while turning left at a "T" intersection into Charbonier Road, a thoroughfare, her automobile was struck by defendant's westbound automobile. According to plaintiff she stopped at the stop sign but could not see to her left or eastward because of obstructions. She then moved forward so that the front of her automobile was at the edge of Charbonier Road and again stopped. She could then see to Blanchette Street about 240 feet away, and no westbound automobile was in view. She proceeded forward slowly and made a gradual turn to the left. When the front of her automobile was just south of or across the center of Charbonier Road she first saw defendant's automobile about 200 feet away or about in front of the fourth house from the corner. At that time she was traveling between two and five miles an hour and she attempted to "angle" her automobile to the right. Plaintiff formed no opinion as to the speed of defendant's automobile, but she thought it was going fast. Defendant testified that he was driving 25 to 28 miles an hour and that when he first saw plaintiff's automobile it was approximately fifty feet away and was emerging from behind the bushes at Roanoke Street and traveling ten to fifteen miles an hour. He did not swerve his automobile, and although he put on his brakes they did not retard or slow the speed of his automobile prior to the collision.

■ It was for the jury to resolve the conflicts in the evidence. They could have found the facts as related by appellant and that respondent was traveling 25 to 28 miles an hour. For the reasons we shall next set out, a submissible case was made.

■ When appellant was stopped before entering Charbonier Road she was not in a position of imminent peril. However, when appellant started forward into Charbonier Road she immediately moved into the path of respondent's automobile, or was approaching that path so closely that it should have been evident to any reasonable person in the exercise of the highest degree of car that she was not going to stop short of that path. When appellant's automobile was blocking the lane for westbound traffic on Charbonier Road (that is, when the front of appellant's automobile was slightly across the center of Charbonier Road), respondent's automobile was approaching so closely and at such rate of speed that a collision was imminent unless some action was taken to avoid its occurrence. Therefore, plaintiff was in a position of imminent peril, which has been defined to be "that position of danger to the

plaintiff, whether or not plaintiff was negligent in getting there, in which by reason of the then existing circumstances, if unchanged, injury to him is reasonably certain and not a mere possibility contingent on some other occurrence." Yarrington v. Lininger, Mo., 327 S.W.2d 104, 109; Davis v. Quality Oil Company, supra, 353 S.W.2d at p. 674. Appellant offered testimony of an expert witness concerning stopping distances. Respondent challenges this testimony on the ground that it was based on factors not fairly approximating those existing at the time and place of the collision. The witness did indicate a difference in the factors, but he testified that those differences would result in the minimum stopping distances at the time of the collision being *less* than the distances to which he testified. His testimony was that at the speed of 25 to 28 miles an hour, respondent could have stopped his automobile, taking into consideration reaction time, in a distance of 60 to 72 feet. It thus appears that if the jury chose to believe the above evidence relating to speed and distances, defendant could have, with safety to himself and others, avoided the collision by stopping, swerving or slowing the speed of his automobile. In addition, the left front fender of the respondent's automobile struck the left rear fender of appellant's automobile while it was moving across and out of the path of defendant's automobile. These facts result in this being what is sometimes referred to as an "almost escaping case." See Stith v. St. Louis Public Service Co., 363 Mo. 442, 251 S.W.2d 693, 698; and West v. St. Louis-San Francisco Ry. Co., Mo., 295 S.W.2d 48. We necessarily conclude that a submissible case was made on the humanitarian negligence submitted by appellant.

At the request of defendant the court gave Instruction No. 7 as follows:

"The Court instructs the jury that under the law of the State of Missouri the driver of any vehicle shall stop at the entrance to a through highway and shall yield the right of way to other vehicles which have entered the intersection on through highway or which are approaching so closely on the through highway so as to constitute an immediate hazard.

"You are therefore instructed that if you find and believe from the evidence that on the occasion in question the defendant Dennis C. Sneed was operating an automobile westwardly on Charbonnier Road in the lane for west bound travel, if you so find, and, if you further find that the plaintiff Elizabeth Quigley was driving her automobile southwardly on Roanoke Drive and into the intersection of Charbonnier Road intending to make a left turn into Charbonnier Road, if you so find, and if you further find that the plaintiff Elizabeth Quigley failed to yield the right of way when the vehicle operated by the defendant Dennis C. Sneed was so close to the intersection of Roanoke Drive so as to constitute an immediate hazard, if you so find, and, if you further find in so operating her automobile Elizabeth Quigley failed to exercise the highest degree of care and was negligent and such negligence was the sole cause of the collision mentioned in the evidence and whatever injuries and damages, if any, Elizabeth Quigley the plaintiff sustained on the occasion in question were not caused by or due to any negligence on the part of the defendant Dennis C. Sneed, as set out under Instruction No. 2, then and in that event plaintiff Elizabeth Quigley is not entitled to recover and your verdict must be in favor of the defendant and against the plaintiff."

Appellant objects to this instruction on the ground that it injects the antecedent negligence of plaintiff in getting into a position of imminent peril as a defense to the humanitarian submission. We thus have presented again the ever vexing problem of the use of a sole cause instruction in a case in which plaintiff's submission is based on humanitarian negligence. We shall review the general rules.

In a humanitarian case, as in a primary negligence case, a defendant may undertake to absolve himself of liability to plaintiff on the basis that some act of plaintiff, or of some third person, was the sole proximate cause of plaintiff's injuries, and that he was not actionably negligent in any of the respects charged against him. This issue may be submitted to the jury by what is known as a sole cause instruction. See Carney v. Stuart, Mo., 331 S.W.2d 558, 561, and the numerous cases there cited. When a defendant interposes such defense he then assumes the burden of hypothesizing a statement of facts, supported by the evidence, from which the jury may find that not only was there no actionable negligence on his part which caused or contributed to cause plaintiff's injuries, but in addition thereto that the sole proximate cause of plaintiff's injuries was the act of someone other than him, and the hypothesization of facts in the instruction, or by proper reference to other instructions, must be complete in both respects. In Carney v. Stuart, supra, 331 S.W.2d at p. 562, we pointed out that the history of the use of the sole cause instruction in humanitarian negligence cases has been the development of the technique of wording the instruction so that it is not in conflict with the basic principle of the humanitarian rule that the antecedent negligence of the plaintiff in getting into a position of imminent peril does not constitute a defense to the humanitarian duty imposed on the defendant *thereafter* to take such action as he can within the required limits to avoid injuring the plaintiff. "Therefore, in a humanitarian case the plaintiff must not word his verdict-directing instruction so as to direct or permit the jury to consider the failure of the defendant to exercise due care prior to the time plaintiff entered into a position of imminent peril (Anderson v. Prugh, supra) [364 Mo. 557, 264 S.W.2d 358], and the defendant * * * must not word his instructions so as to inject as a defense, directly or by reasonable inference, the failure on the part of the plaintiff to exercise

the required degree of care prior to entering a position of imminent peril. This objectionable feature can result from saying too much in an instruction as from saying too little, and the inclusion in an instruction, whether it be in plaintiff's verdict-directing instruction, (Anderson v. Prugh, supra), * * * or defendant's sole cause instruction (Sheerin v. St. Louis Public Service Company, supra [Mo., 300 S.W.2d 483]; Hickerson v. Portner, supra [Mo., 325 S.W.2d 783]; Rosenfeld v. Peters, supra) [Mo., 327 S.W.2d 264], of an abstract statement of the legal duty or degree of care required of plaintiff or defendant prior to the time the position of imminent peril arose can only result in confusion, misdirection, and prejudicial error."

Applying the above general rules to this case, the inclusion of the abstract statement pertaining to the law of right of way, and its subsequent application to the facts had no place in this humanitarian negligence case. Catanzaro v. McKay, Mo., 277 S.W.2d 566; Rosenfeld v. Peters, Mo., 327 S.W.2d 264; Carney v. Stuart, supra; Hickerson v. Portner, Mo., 325 S.W.2d 783; Burks v. Wilson, Mo.App., 356 S.W.2d 121. In Sheerin v. St. Louis Public Service Company, supra, the inclusion in a sole cause instruction, submitted in a humanitarian negligence case, of an abstract statement concerning the law of right of way was "one of its most glaring errors," and it was there said that where the evidence supports a finding that plaintiff's negligent act or omission was the sole cause of his injuries, the defendant may "submit a finding that such *evidence* was the sole cause thereof." The court then commented as follows: "But ordinarily, in the submission of such evidence, there can be no legitimate reason for any mention of negligence or any hypothesized finding that such evidence constituted negligence. Consequently, when an instruction predicated upon such evidence refers in the abstract to the duties imposed upon plaintiff by law or recites that failure on his part to exercise lawful care constitutes negligence or characterizes his acts

or conduct as negligence or authorizes the jury to determine whether the conduct submitted constituted negligence, the probability of prejudicial error is great. * * * The ultimate issue is defendant's negligence and generally it may be said that the safe submission of a defensive sole cause instruction in such a case is the hypothesization of the specific fact situation shown by the evidence to warrant a finding that such facts were the direct and proximate cause of the casualty and none of the acts or omissions (sufficiently identifying them) under which defendant's humanitarian negligence was submitted directly contributed to it in any degree." In Carney v. Stuart, supra, 331 S.W.2d at p. 563 we referred to the above comment in the Sheerin case and stated that it "should be considered carefully in every case where a sole cause instruction in a humanitarian case is contemplated."

 Respondent asserts, however, that the characterization in his sole cause instruction of appellant's conduct as "negligence" in getting into a position of imminent peril was not error because in appellant's verdict-directing instruction submitting humanitarian negligence there was included the phrase "or if you find that such negligence on the part of the defendant combined and concurred with negligent acts or omissions, if any, on the part of plaintiff and thereby directly contributed in part to cause said collision." Respondent says that in this manner appellant invited the jury to consider her acts as negligence. Arnold v. Fisher, Mo.App., 359 S.W.2d 602 is cited. However, that case does not pertain to the use of a sole cause instruction in a case in which humanitarian negligence was submitted. The use of language similar to that quoted above in instructions submitting humanitarian negligence has repeatedly been approved, and it has been held that it "does not conflict" with a sole cause instruction. Abernathy v. St. Louis Public Service Co., 362 Mo. 214, 240 S.W.2d 914, 915. We think that when such a phrase is used in a humanitarian instruction in a case in which the defendant is authorized to and

does submit a sole cause instruction, care should be exercised that the two instructions do not conflict, and the humanitarian instruction should not state that plaintiff's negligent acts in getting into a position of imminent peril constitute "no defense," or words to that effect, when those acts on the part of plaintiff are the ones hypothesized by the defendant as constituting the sole cause of plaintiff's injuries. However, we are not called upon to rule on the correctness of appellant's verdict-directing instruction, and the use therein of the quoted phrase does not eliminate the prejudicial error of giving defendant's Instruction No. 7.

 Appellant also complains of Instruction No. 6 which in substance is the same as Instruction No. 7, except that it is not prefaced by an abstract statement of law. It submits that appellant was *negligent* in driving her automobile in front of and in close proximity to respondent's automobile when she saw or should have seen by keeping a careful and vigilant lookout that there was a danger of collision if she entered the intersection, and that such negligence was the sole cause of appellant's injuries. For the reasons set forth in Thayer v. Sommer, Mo., 356 S.W.2d 72, and Sheerin v. St. Louis Public Service Company, supra, Instruction No. 6 was erroneous. There is no occasion to rule the alleged error in the admission of certain testimony on cross-examination because upon a new trial that incident probably will not again occur, and in the event it does the parties have the benefit of the views expressed in the briefs.

For the errors above noted the judgment is reversed and the cause remanded.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.