F. A. BUROW, Appellant, v. RED LINE SERVICE, INC., a Corporation,
—122 S. W. (2d) 919.

Division One, December 20, 1938.

606

*Everett Hullverson* for appellant.

*Moser, Marsalek & Dearing* for respondent.

HYDE, C.—This is an action for $25,000 damages for personal injuries, sustained when plaintiff's automobile was struck by defendant's bus. The jury's verdict was for defendant. Plaintiff has appealed from the judgment. .

The only assignments of error are concerning defendant's Instruction No. 2 and alleged misconduct of defendant's counsel. Plaintiff was driving east on Highway 40, which was wet and slick from a recent rain. The wheels of plaintiff's car caught on one of the rails of the street car track of the St. Louis Public Service Company, located in the pavement on the south side of the highway. This caused his car to skid to the north across the highway in the path of defendant's bus traveling west. Plaintiff submitted the case upon the humanitarian doctrine only. According to plaintiff's evidence, plaintiff's car had ceased skidding and was facing west (having turned in skidding) proceeding slowly in a westwardly direction when defendant's bus struck its right (north) rear end. According to defendant's evidence, each of these motor vehicles was approaching the other on opposite sides of this four lane highway, at about the same speed; plaintiff's car skidded suddenly to the northeast, while attempting to pass a car ahead of it; defendant's bus driver immediately applied his brakes and pulled as far to the right as possible; and the bus thereafter traveled about the same

distance as plaintiff's skidding car to the point of collision. A former appeal herein was before this court on substantially the same evidence. [Burow v. St. Louis Public Service Co., 339 Mo. 1092, 100 S. W. (2d) 269.] Plaintiff's wife also brought suit for her injuries. [Burow v. St. Louis Public Service Co. (Mo. App.), 79 S. W. (2d) 478.] Reference is made to these cases for a more complete statement of the facts.

Defendant's Instruction No. 2 was, as follows:

"The Court instructs the jury that there was no duty resting upon the chauffeur in charge of the motorbus described in the evidence to stop said bus, or slacken the speed thereof, until it became apparent, in the exercise of the highest degree of care upon the part of the chauffeur in charge of said bus, that the automobile being operated by the plaintiff was in a position of peril on said highway described in the evidence; therefore, if you find and believe from the evidence that the perilous position of the automobile so driven by the plaintiff, if any, became so apparent to the chauffeur in charge of said motorbus mentioned in the evidence, when said motorbus was so close to the automobile, so driven by the plaintiff, that the speed of said motorbus could not be checked, nor said motorbus stopped in time to avoid a collision with the automobile so operated by the plaintiff, then plaintiff is not entitled to recover and your verdict must be in favor of the defendant Red Line Service, Inc."

Plaintiff's criticism of this instruction is that it failed to require the jury to find that defendant's motorbus could not be checked, nor said motorbus stopped in time to avoid a collision, "by the exercise of the highest degree of care on the part of defendant's chauffeur." Plaintiff says "the defendant completely disregarded any mention of any care at all after the situation of peril arose." The instruction did state the requirement of the exercise of the highest degree of care on the part of defendant's driver to discover plaintiff in a position of peril, and then said that defendant was entitled to a verdict if thereafter "the speed of said motorbus *could not be* checked nor said motorbus stopped in time to avoid a collision." Logically considered this instruction is more favorable to plaintiff than it would have been if the requirement as to stopping or checking speed had been limited by inserting the words plaintiff says should have been inserted. This is true because the instruction as written only authorizes a verdict for defendant if it was *impossible,* upon any hypothesis, for the bus driver to have stopped or checked speed. [See discussion of highest degree of care in Borgstede v. Waldbauer, 337 Mo. 1205, 88 S. W. (2d) 373; see also instructions discussed in Carle v. Akin (Mo.), 87 S. W. (2d) 406; Oliver v. Morgan (Mo.), 73 S. W. (2d) 993; Sackmann v. Wells (Mo.), 41 S. W. (2d) 153.] Certainly, since the plaintiff's main instruction gave the jury a cor-

rect statement of the degree of care imposed upon defendant, this instruction could not have misled the jury. This instruction did not conflict with any requirement of plaintiff's instruction and in this situation the instructions must be read together. [McDonald v. Kansas City Gas Co., 332 Mo. 356, 59 S. W. (2d) 37, and cases cited.] While this kind of an instruction could be more clearly worded, we hold that it was not prejudicial error to give it in this case.

■ Plaintiff's remaining assignment is that the court erred in permitting defendant's counsel to make statements and to proffer improper evidence within the hearing of the jury with reference to the negligence charged in the petition against the St. Louis Public Service Company, a former codefendant, the judgment against which had been reversed outright by the Supreme Court on the former appeal. The record of the opening statement for defendant shows the following occurrence.

"Mr. DEARING: And we will have the documentary evidence here in the court file showing that the plaintiff claimed at that time, among other things, that it was the negligence of the Street Railway Company in maintaining a nuisance which caused his automobile to swerve over into the north side of the road, and there is also an allegation in that petition to the effect that this defendant could have stopped. Now, the street railway—

"Mr. HULLVERSON: Just a minute. I object to anything with reference to what was said about some one who is not a defendant in this case. The Court has acted upon that defendant. The Supreme Court has acted on that. I am not permitted to go into it, and it is taking an unfair advantage for counsel to say something—

"Mr. DEARING: It is an abandoned pleading, Judge, and I am going to offer it in evidence for what it is worth.

"Mr. HULLVERSON: But it is *res adjudicata*; the Supreme Court has acted on that defendant.

"Mr. DEARING: It is an admission, whatever the Supreme Court has acted upon, it is an admission, a pleading in your Honor's court, and I am going to offer that in evidence.

"Mr. HULLVERSON: I object to that statement.

"The COURT: The objection will be overruled. (Exception saved.)

"Mr. DEARING: I am going to show you by this pleading, gentlemen, that the plaintiff claimed in the beginning that due to this trap or nuisance which the street railway company maintained that he was caused to swerve."

Plaintiff says concerning this matter: "The truth about this statement is that we not only claimed in the beginning that that was true—we claim it now, but the obvious inference to the jury is that while we had claimed this in the beginning and had succeeded

in making the Public Service Company pay for it, that now we were going to attempt to get double damages by making the Red Line Service Company pay for the injuries. . . . It certainly would be far more proper to advise a jury that an insurance company was behind the case, aiding in the preparation and trial of it, than to advise them that a prior defendant had been released without telling them why.'' However, it will be noted that defendant's counsel made no statement about a former defendant being released, or anything that could reasonably be construed as even intimating there had been any settlement or damages paid. It was plaintiff's counsel who made the statements about the street railway being a defendant and that the Supreme Court had acted on its liability. Furthermore, no such grounds as are now urged were stated to the trial court. The only objection actually ruled on at the time was plaintiff's objection to the statement that ''it is an admission'' and no ground was stated for that objection. [See Osby v. Tarlton, 336 Mo. 1240, 85 S. W. (2d) 27.] Later in the trial, when the petition was offered in evidence, plaintiff's objection was: ''I object to it, because the only theory it could be offered upon is an admission, and I say it, in fact, does not constitute an admission against interest of anybody.'' This objection was sustained and the petition was not admitted in evidence.

Plaintiff's opening statement is not shown by the record. However, plaintiff not only now admits the truth of the statement in the original petition, concerning an improper condition of the street car track causing him to swerve in front of the bus, but also relied on it and made it a part of the evidence in his case, at this trial, to show how his position of peril arose. Therefore, we do not see how it could have been prejudicial for defendant's counsel to mention it. This was a part of the relevant surrounding circumstances, which tended to show that defendant was not guilty of any humanitarian negligence because of the sudden and unexpected manner in which plaintiff's peril arose. Certainly defendant's counsel was not precluded from mentioning the condition of the track and its relation to the collision merely because this court had held that the street railway was not liable for this condition on account of its creation and maintenance by the State Highway Department. In fact, he had a right to argue that it was the sole cause of plaintiff's injury. ■ Even in borderline cases of alleged prejudicial argument, our rule is that ''the trial judge should be allowed large discretion in permitting and restraining the argument (or statement), and his rulings will generally be deferred to an appeal ''because of his better position to know the meaning, construction and effect thereof under all the circumstances of the trial. [Goyette v. St. L.-S. F. Railroad Co. (Mo.), 37 S. W. (2d) 552; Barraclough v. Union Pacific Railroad Co., 331 Mo. 157, 52 S.

W. (2d) 998; Marlow v. Nafziger Baking Co., 333 Mo. 790, 63 S. W. (2d) 115; Rouchene v. Gamble Construction Co., 338 Mo. 123, 89 S. W. (2d) 58; Crews v. Kansas City Public Service Co., 341 Mo. 1090, 111 S. W. (2d) 54.] We hold that the statements made by defendant's counsel, from what appears in this record, do not warrant a reversal.

The judgment is affirmed. *Ferguson* and *Bradley, CC.*, concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.