David **JOLLEY**, a Minor, by his next friend, Georgia Jolley, Appellant,

v.

Shelvy **LOWE**, Respondent.

No. 49278.

Supreme Court of Missouri,

Division No. 1.

Dec. 11, 1962.

Librach, Heller, Byrne & Weber, William P. Byrne, St. Louis, for appellant.

Ralph L. Markus, Clayton, for respondent.

HOLMAN, Commissioner.

In this action plaintiff sought to recover damages in the sum of $25,000 for personal injuries sustained when he was struck by a car driven by defendant. A trial resulted in a verdict for defendant. Plaintiff has appealed and here contends that the trial court erred in giving and refusing certain instructions and in failing to grant him a new trial

because of the misconduct of a juror in concealing certain facts upon voir dire examination. Defendant-respondent has not filed a brief in this court.

There is very little dispute about the facts and a brief statement thereof will suffice for the purposes of this appeal. Defendant, a resident of Chicago, was in St. Louis for the purpose of attending a funeral. On the occasion in question he was driving an automobile belonging to his cousin. He had driven a number of his relatives to a floral shop and at the time of the occurrence in question they were returning to the funeral home. The casualty occurred at about 3:45 p. m. on March 22, 1960, on Garrison Avenue, a north-south street in St. Louis, Missouri. Plaintiff, a 12-year-old school boy, sustained injuries to his left leg when it was run over by the right front wheel of the car defendant was driving. The point of contact was in the right half of Garrison, 33 feet north of the point where that street intersects with Magazine Avenue. Defendant's car was being driven southwardly at a speed of 10 miles per hour. There were cars parked on the west side of Garrison with the front end of the car nearest to Magazine being 26 feet north of the north curb of Magazine. The day was clear and the streets were dry.

Just prior to the casualty plaintiff and a number of other school children alighted from a bus which had stopped at the northwest corner of the intersection. Plaintiff was running from the time he left the bus and was being chased by one or more other children. He started north on the sidewalk on the west side of Garrison and when he reached a point near the front of the first parked car he abruptly turned east and ran in front of the parked car apparently intending to run across the street. When he saw that he was about to collide with the car defendant was driving he tried to either stop or to slow down and turn to the north so that he could run between the parked car and defendant's car, but he lost his footing and slid forward, feet first, in such a manner that his left leg was run over by the right front wheel of defendant's car.

Plaintiff testified that he had no recollection as to how the accident occurred. However, the patrolman who investigated the occurrence testified that he interviewed plaintiff at the hospital and plaintiff stated that he was running at the time because another boy was throwing rocks at him.

Defendant testified that he saw plaintiff "run off of the bus" and that he continued to watch him until the casualty occurred; that he did not swerve or sound his horn, and did not apply the brakes until plaintiff "hit the car"; that he stopped his car in six inches after he applied the brakes; that the distance between his car and the parked car was four feet. To a large extent the defendant's version of the manner in which the accident occurred and the speed of the vehicle was corroborated by William Carter, a route salesman for the Coca Cola Company, who was in the cab of a truck, the third vehicle in the line of traffic back of defendant's car. This witness testified that defendant stopped his car "instantly" after plaintiff slid into the car.

Plaintiff's case was submitted by Instruction No. 3 upon humanitarian negligence and required a finding that "plaintiff became and was in a position of imminent peril and danger of being struck and collided with by defendant's automobile and that plaintiff was oblivious to the approach of defendant's automobile and if you further find that the defendant saw or by the exercise of the highest degree of care could have seen plaintiff in said position of peril, if any, in time thereafter, by the exercise of the highest degree of care and with the means and appliances at hand, defendant could have sounded a warning or stopped his automobile and thereby have avoided colliding with plaintiff, if you so find, and if you further find that defendant did fail to sound a warning or stop his automobile and was negligent * * *."

We will first consider plaintiff's contention that the court erred in giving, at the

request of defendant, Instruction No. 4 which reads as follows: "The court instructs the jury that if you find under Instruction No. 3 that the plaintiff was oblivious to the defendant and had entered a zone of peril, and if you further find and believe that the defendant was unable, in time thereafter to sound a warning or stop his automobile, and that in so doing he was not negligent, then your verdict should be for the defendant and against the plaintiff."

■ We have concluded that the instruction is erroneous for the reason that it is indefinite, incomplete, confusing and misleading. First, we note that there is no requirement in the instruction concerning the standard of care applicable to defendant. It should have contained a finding that defendant, in the exercise of the highest degree of care, was unable to sound a warning or stop the automobile in time to have avoided colliding with plaintiff. The phrase "highest degree of care" has been defined as that degree of care that a very careful and prudent person would ordinarily exercise under the same or similar circumstances. Martin v. Turner, Mo.Sup., 306 S.W.2d 473. The instruction, in the form in which it was given, permitted the jury to return a verdict for the defendant upon a finding that he was unable to take the timely action specified in order to avoid the casualty, irrespective of whether he was, at the time, exercising the highest degree of care in the operation of his automobile. See Bullock v. Sklar, Mo.App., 349 S.W.2d 381[10]. The requirement for a finding "that in so doing he was not negligent" (even if "in so doing" is construed to mean "in failing so to do") could not have cured the error resulting from the omission. This, for the reason that "negligent" or "negligence" is not defined in any of the instructions and therefore it could not reasonably be contended that a finding that defendant was not negligent in being unable to take timely action was the equivalent of a finding that he was, at that time, exercising the highest degree of care. We do not mean to hold that if "negligence" had been defined in the instruction such necessarily would have cured the error.

We recognize that in Rosenfeld v. Peters, Mo.Sup., 327 S.W.2d 264, and Burow v. Red Line Service, Inc., 343 Mo. 605, 122 S.W.2d 919, partially similar instructions which omitted a reference to the standard of care were held to be more favorable to plaintiff than he was entitled to because those instructions were said to authorize a verdict for defendant only if it were impossible, upon any hypothesis, for the driver to have taken action to avoid the collision. However, in the case before us, we think the instruction is erroneous because, with the standard of care omitted, it is based upon and emphasizes the finding as to what defendant, as an individual, was able to do, while the conduct exacted by the law is an objective standard which should be the same for all under the same circumstances—in this case, the care that a very careful and prudent person would ordinarily exercise. See Harris v. Rowden, Mo.Sup., 305 S.W.2d 25.

Secondly, the instruction is indefinite and confusing because it fails to specify the desired result of the action defendant was unable to take. It requires a finding "that the defendant was unable, in time thereafter to sound a warning or stop his automobile, and that in so doing he was not negligent." In order to be complete and understandable there should have been inserted after the word "automobile" the phrase "and thereby have avoided colliding with plaintiff," or some similar expression. Also, the last phrase in the quoted portion of the instruction is confusing in that it contains the words "so doing" when it should have used instead an expression such as "failing so to do." While the jury might understand that this was an inadvertent error, there is nevertheless a reasonable possibility that it would be confused by the fact that the words used implied that defendant had taken some affirmative action, when the instruction is based upon the theory that he was unable to take any timely action

For the reasons indicated, we rule that the giving of Instruction No. 4 constituted reversible error. In that connection we perhaps should state that we have noticed that said instruction failed to contain any requirement of knowledge on the part of defendant concerning the fact that plaintiff was in a position of imminent peril, but we have not mentioned that omission as a ground for reversal because that error would appear to be favorable to plaintiff.

Since the judgment must be reversed and the cause remanded for a new trial because of the error in giving Instruction No. 4, we do not consider it necessary or advisable to discuss the other points briefed by plaintiff. Certainly, no purpose would be served by discussing the alleged trial error in regard to the juror. Plaintiff has briefed the contention that the court erred in giving Instruction No. 1 at defendant's request. Before another trial counsel for defendant will have an opportunity to re-examine that instruction and to make such corrections therein as may be considered advisable in view of the attack here made thereon. Plaintiff has also contended that the court erred in refusing two instructions offered by him which would have submitted his case upon assignments of primary negligence. We have no information as to whether the trial court refused those instructions because of errors in the form thereof, or because it was of the opinion that plaintiff was guilty of contributory negligence as a matter of law. Since the case is not briefed by respondent there is nothing before us attacking the form of these instructions or otherwise defending the action of the court in refusing them. In the situation presented we are of the view that it would not be advisable for us to originate an investigation concerning these instructions and to discuss the reasons that might occur to us as to why either or both should or should not be given if offered by plaintiff at another trial.

Reversed and remanded.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

WESTHUES, HYDE, and DALTON, JJ., concur.

HOLLINGSWORTH, J., concurs in result.

For concurring opinion see 362 S.W.2d 744.