David JOLLEY, a Minor, by his Next Friend, Georgia Jolley, Appellant,

v.

Shelvy LOWE, Respondent.

Cynthia Lynn LUCAS, by and through her friend and natural guardian, David Lucas, Appellant,

v.

Albert BLANKS, Respondent.

Nos. 49278, 49225.

Supreme Court of Missouri,

Division No. 1.

Dec. 11, 1962.

For majority opinions see 362 S.W.2d 741; 362 S.W.2d 736.

WESTHUES, Judge.

Deeming it necessary to explain my concurrence in the result in 362 S.W.2d 736, I am adopting in toto a memorandum prepared by Commissioner COIL. Said memorandum includes 362 S.W.2d 741, which was written by Commissioner HOLMAN. The memorandum reads as follows:

Because of the fact that Judges HOLMAN and HOUSER are circulating opin-

ions which deal with the same type of instruction, and because I believe that the point involved needs clarification, and because I also believe that the two opinions, particularly appearing simultaneously, will greatly add to the confusion, I take the liberty of dealing with both the above-mentioned opinions in this one memorandum.

In Jolley v. Lowe, the defendant's humanitarian instruction (opinion p. 743 of 362 S.W.2d) directed that if the jury found that plaintiff was in a zone of peril "and if you further find and believe that the defendant was unable, in time thereafter to sound a warning or stop his automobile, and that in so doing [failing] he was not negligent, then your verdict should be for the defendant and against the plaintiff."

Judge HOLMAN held that instruction erroneous for several reasons, among them that it failed to state any standard of care applicable to defendant but permitted the jury to determine whether the defendant as an individual, irrespective of any applicable standard, was unable to have avoided the collision. I agree that the instruction was erroneous for that reason, as well as the others assigned, and certainly that the error was not cured by the inclusion of the requirement that the jury find that "in so doing [failing] [defendant] was not negligent," because no instruction in the case defined "negligence," and thus no instruction directed that the standard by which the jury was to judge whether *the defendant was able* to avoid the collision was, if he was at that time exercising that degree of care which a very careful and prudent person would ordinarily exercise under the same or similar circumstances.

So far, I am in full agreement with Judge HOLMAN'S opinion. The opinion proceeds, however, in the first full paragraph on page 743 of 362 S.W.2d to attempt to distinguish the cases of Rosenfeld v. Peters, Mo., 327 S.W.2d 264, 267, and Burow v. Red Line Service, Inc., 343 Mo. 605, 122 S.W.2d 919, on the ground that under those instructions the jury could find for the defendant only if it were "impossible" upon any hypothesis for the driver to have taken action to have avoided the collision. But, says Judge HOLMAN, the instruction in the present case emphasized what the defendant as an individual was able or unable to do and did not contain the word "impossible" and therefore the instruction in this case was erroneous, despite the Rosenfeld and Burow cases. I do not agree with the distinction attempted or made. In the first place, neither in the Rosenfeld nor the Burow case was the word "impossible" used in the instruction. As a matter of fact the Rosenfeld instruction was almost exactly like (in its pertinent part) the one Judge HOLMAN holds erroneous but says is distinguishable—the Rosenfeld instruction said "that Mr. Peters [the defendant] was *not able* to avoid"— the present instruction said "that the defendant was *unable*" to avoid. But even instructions which do use the word "impossible" are no different unless the word "impossible" or the word "unable" or any other word used, refers and relates to the *vehicle* rather than to the defendant *as an individual.* If an instruction said, for example, "and if you find that after plaintiff came into a position of peril it was impossible for defendant's automobile to have been stopped," or as the instruction in the Burow case said (122 S.W.2d 920): "said motorbus was so close to the automobile, * * * that the speed of said motorbus could not be * * * stopped in time to avoid a collision," then I could understand that it might be reasonable to say that such an instruction authorized a verdict for defendant only if it was impossible for any reason and upon any hypothesis for the defendant or anyone else to have prevented his automobile from striking plaintiff. But an instruction which hypothesizes that it was impossible *for the defendant* (the particular individual) to have avoided the collision after plaintiff was in imminent peril is subject to the indictment that it fails to state the applicable standard of

care. And unless that applicable standard of care which, of course, is an objective standard and applies to all, is supplied by some other instruction, it seems to me that its omission must be reversibly erroneous.

Stated another way, it is no different so far as the application of the principle involved is concerned to say that "if you find that after plaintiff came into a position of imminent peril it was *impossible for defendant* to have avoided the collision" than to say "if you find that after plaintiff came into a position of imminent peril *defendant was unable* to avoid the collision." In both expressions, avoidance is made dependent upon the ability under particular circumstances of a particular individual unrelated to the standard by which the acts of that individual are to be judged, i. e., by what a very careful and prudent person would ordinarily be capable of under the same or similar circumstances.

In Lucas v. Blanks, Judge HOUSER holds an instruction, similar to the one in Judge HOLMAN'S case, good as against the contention that it did not indicate the degree of care required of defendant. The instruction (opinion p. 738 of 362 S.W.2d) in pertinent part directed the jury that if when plaintiff came into a position of imminent peril "Albert Blanks' automobile was then so close that it was impossible for the Defendant to prevent his automobile striking Plaintiff, then you are instructed that you must return your verdict in favor of the defendant and against the Plaintiff."

For the reasons I have stated above, I believe that that language, standing alone, makes the instruction reversibly erroneous for failure to have included the applicable standard of care. I repeat that the instruction said, "it was impossible for the Defendant," i. e., the *individual defendant* in that case—it did not say or imply that the defendant in the exercise of that degree of care which a very careful and prudent person ordinarily would exercise under the same or similar circumstances, could not avoid, etc. The opinion holds the instruction good under the rule of the Rosenfeld and Burow cases because, says the opinion, it is "more favorable to plaintiff than if defendant's duty was thus limited. D-4 only authorizes a verdict for defendant if it was impossible, for any reason and upon any hypothesis, for defendant to have prevented his automobile from striking plaintiff." I respectfully submit that that is not an accurate statement. The instruction does not authorize a verdict for plaintiff *upon any hypothesis.* The hypothesis, authorizing a verdict for defendant if it was impossible for that defendant to have prevented his automobile from striking plaintiff, has nothing to do with the omission of the standard of care —it is a different element—it is a wholly different direction than that which would authorize a verdict for defendant if defendant, *in the exercise of the highest degree of care,* could not have prevented his automobile from striking plaintiff.

Later, in answer to another objection to the same instruction but not in connection with this point at all, Judge HOUSER (opinion p. 740 of 362 S.W.2d, para. 1) points out that another instruction in the case told the jury that it was the duty of every driver of an automobile to exercise the highest degree of care and defined that degree of care. I have concurred in result, therefore, because I believe that the other instruction so informing the jury of the applicable standard of care, when read with the instruction permitting a defendant's verdict if it was impossible for the defendant to have prevented his automobile striking plaintiff, etc., sufficiently supplied the missing requirement as to the applicable standard of care. Consequently, my concurrence in result.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.