Gerald K. FIELDS, Respondent,

v.

KANSAS CITY, Missouri, a Municipal Corporation, Appellant.

No. 50800.

Supreme Court of Missouri,

In Banc.

Nov. 9, 1964.

Robert L. Robertson, Kansas City, Marvin Pollard, Ludlow, Walter A. Raymond, and Raymond, West & Cochrane, Kansas City, for respondent.

Herbert C. Hoffman, City Counselor, Robert A. Meyers, Associate City Counselor, Timothy D. O'Leary, Assistant City Counselor, for appellant.

EAGER, Chief Justice.

This is a suit for personal injuries which, after a rather extended career, has been transferred here from the Kansas City Court of Appeals by our order. The opinion of the Court of Appeals appears at 377 S.W.2d 528. A prior opinion appears at 358 S.W.2d 96. In the last opinion a plaintiff's verdict for $14,000 was affirmed. One of the questions considered was the correctness of a ruling refusing an instruction offered by defendant on contributory negligence. The present opinion will deal principally with that question.

We shall only need to state the facts very briefly. They appear rather fully

in the last opinion of the Court of Appeals and also in the prior opinion. The casualty occurred on September 5, 1956, in Kansas City. Plaintiff fell into an open sewer manhole in an alley at night. He was a construction worker and, after finishing his work for the day, he called a friend or relative at Ludlow, Missouri, agreeing to meet him later that night and bring him to Kansas City. First, however, he proceeded to the "111 Club" on the south side of East 13th Street, adjoining the alley between Walnut and Grand. He drove down the alley and parked near the west end of a parking lot on the east side of the alley, about midway of the block. He then walked back north through the alley to 13th Street, about 8:15, when it was still somewhat light. In doing so, he met the operator of the tavern and another man on the sidewalk, and one of them said that some "gas" had been escaping and an investigation was being made. He saw nothing unusual in the alley, but when he first saw these men they were standing somewhere near the sewer manhole and one of them had some kind of an "instrument." Plaintiff went on into the tavern and, according to his testimony, ate two sandwiches and had two drinks, leaving at some time after 10:00 o'clock.

There is much controversy concerning the extent of light in the alley at the time plaintiff left the tavern. There were regular street lights on 13th Street, east and west of the alley; these shone into the mouth of the alley for perhaps 10–12 feet. The sewer manhole was approximately 24 feet south of the sidewalk. In the region around the sewer manhole there were shadows caused by the buildings fronting on 13th Street. A little further south the alley was relatively light because of open parking lots on each side. As to the light at the point now in question, there was, as stated, considerable controversy. Plaintiff testified: that you "couldnt see no distance ahead of you"; that the dark manhole cover and the surface of the alley more or less blended; that he could not

see the open hole before he fell into it, but that you could see the surface of the alley; also, that he saw no liquid on the surface of the alley, (although a photograph shows that some water had been spilled) and that he saw no object there. The defendant's evidence (which we consider on the propriety of instructions) indicated that light from the street shone on a building and reflected down into the alley and that, while there were shadows, one could easily see the manhole from a distance of 8 or 9 feet; two witnesses testified that you could see the manhole from the sidewalk at night; one testified that in walking through the alley you could see small objects on the ground. There was also some evidence that pedestrians rather frequently used the alley as a shortcut during both day and night.

There had been complaints about gasoline escaping into the sewer in this neighborhood. An investigation had been made by the City while plaintiff was in the tavern, and a flusher truck had been ordered to flush the sewer at this particular manhole. The manhole cover had been removed and one truckload of water had been run into the sewer. The driver then left for another load of water, leaving the manhole open with no light, barricade or other warning. During that interval plaintiff emerged from the tavern, took the route down the alley to his car and stepped into the manhole. It will not be necessary for us to relate either the events immediately following, his injuries, or the medical testimony.

Plaintiff's case was submitted upon the alleged negligence of the City in leaving the manhole in a public alley open, unguarded and unprotected. The Court gave one instruction for defendant on contributory negligence. This, essentially, told the jury that if plaintiff saw or could have seen the open manhole in time to have avoided it in the exercise of ordinary care and failed to do so, and was thereby negligent, etc., he could not recover. This instruction was supported by defendant's

evidence as to the extent of light, if not by plaintiff's. The Court refused the defendant's Instruction No. 12, also on the theory of contributory negligence, which is as follows:

"The Court instructs the jury that if you find and believe from the evidence that on September 5, 1956, between 10 P.M. and 11 P.M. the plaintiff left the 111 Club and walked down the alley in question, and if you further find that at said time there were no street lights or other artificial sources of light which illuminated said alley at the location of the manhole in question, if you so find, and that said alley at said location was so dark that plaintiff could not distinguish the surface of the alley, if you so find, and plaintiff fell into an open manhole therein, and if you further find that a reasonably safe and lighted sidewalk was available on 13th Street and on Grand Avenue for plaintiff's use but he chose to walk down the alley, and if you further find that plaintiff in choosing to walk in the alley under the conditions submitted above was negligent, and if you find such negligence directly caused or contributed to cause plaintiff's injuries, then your verdict must be for the defendant."

The theory of defendant was and is that it was entitled to such an instruction as an alternative submission, based upon plaintiff's own testimony of the prevailing darkness. No point is made by plaintiff controverting the right to an alternative theory, as such, but plaintiff insists that this instruction would have created a duplication of instructions on contributory negligence, that the evidence did not support the instruction, and that it was inherently erroneous. There was no duplication; the two instructions were on wholly different theories, submitted in the alternative. See by way of analogy Siegel v. Peters, Mo., 347 S.W.2d 881. We ordered the case transferred because of the reasons given and the language used by the Court of Appeals in upholding the refusal of the instruction. The Court said that in submitting the alternative issue, the instruction "* * * should have required a find-ing to the effect that the way along the dark alley was so glaringly dangerous that an ordinarily careful person in the exercise of ordinary care would not have attempted to enter it." As indicated later, such a holding is substantially equivalent to one finding that the plaintiff was negligent as a matter of law.

In most of the cited cases there was some impediment to travel or some defect which was known, or which should have been known, to plaintiff; in some, these were aggravated by darkness. Typical of the cited cases are those involving defective sidewalks, or extensive accumulations of ice upon sidewalks. The peculiarity of the present case is that the submission attempted in Instruction 12 was based *solely* on darkness. Certainly, if such a submission is to be made, it must be upon the theory that the darkness, under all existing facts and circumstances, was such an indication of danger that an ordinarily careful and prudent person would not have entered the alley with another accessible route available.

We have had some question about the submissibility of the issue of "darkness" here. The evidence varied widely on the extent of the darkness and upon the visibility. Even plaintiff's testimony did not show conclusively that the alley was wholly dark at that point. However, we have concluded that plaintiff's testimony fairly indicated that one could not see the surface effectively, and that such a submission was permissible. Defendant relies largely upon the case of Sanders v. Carl Berry Oil Company, Mo., 359 S.W.2d 769, as supporting its instruction. There a cab driver, walking through a dark alley as a shortcut, slipped on fuel oil (complicated also by the presence of ice and slush) which had been spilled in the alley shortly before. There are various differences between that case and ours. The principal instruction considered there hypothesized in the *conjunctive* that plaintiff saw or should have seen the oil and ice, and that there was no light in the alley and that plaintiff was negligent in entering

it without a flashlight or other artificial source of light. The submission was held to be contradictory in and of itself, and properly so. The proffered submission here was in the disjunctive, and indeed in a separate instruction permitting alternative findings. While the Court in Berry held that there was a submissible issue of contributory negligence upon the theory that plaintiff entered the alley in total darkness, it did not hold him to be negligent for that reason as a matter of law. In other words, the Court held that the jury could find that one entering a totally dark alley at 3:00 o'clock in the morning, when a safe and lighted sidewalk was available, was negligent. We affirm that ruling now and, while the evidence of darkness here is not too convincing, we would have permitted the submission under a proper instruction. Two elements which have caused us some doubt concerning the submissibility are: the fact that plaintiff had walked through this alley about two hours earlier while it was light and had seen no indication of danger; and secondly, the common-sense conclusion that one might ordinarily expect an open hole in a public street or alley to be lighted or barricaded during darkness. At best, this was a rather thin case for the submission of a "darkness only" theory.

We have already indicated that the requirement stated for the creation of a jury issue, to-wit: that the alley be so "glaringly dangerous that an ordinarily careful and prudent person * * *" would not have entered it, is too restrictive. In the cases of Seniff v. City of Hannibal, Mo.App., 245 S.W. 197, Fischer v. City of St. Louis, 189 Mo. 567, 88 S.W. 82, 107 Am.St.Rep. 380, Jones v. Kansas City, Mo., 243 S.W.2d 318, State ex rel. City of Cameron v. Trimble, 321 Mo. 221, 9 S.W.2d 876 (with numerous cases there cited), and Clark v. Missouri Natural Gas Co., Mo., 251 S.W.2d 27, it is indicated that the standard by which a plaintiff is to be held guilty of contributory negligence as a matter of law in cases of this type is that the evidence shows, with no reasonable inference to the contrary, that

he traveled over a way which was so obviously or imminently dangerous that "no person of ordinary care and prudence would use it," (Seniff, supra) or attempt to use it. This is essentially the test laid down by the Court of Appeals here for the submission of the issue to the jury. The word "glaringly," if appropriate at all to a description of darkness, adds an extremely strict requirement. It has been used in certain other cases; it may be appropriate to a holding defining negligence as a matter of law (as indeed it would seem to have been used in Morgan v. Kirksville, Mo.App., 179 S.W. 755, relied on by the Court of Appeals), but it is not appropriate in an instruction merely submitting a fact issue of alleged negligence in electing to use a street, sidewalk or alley under circumstances such as ours.

The cases principally relied on by the Court of Appeals were Stephens v. City of Eldorado Springs, Mo.App., 190 S.W. 1004, and Morgan v. Kirksville, Mo.App., 179 S.W. 755. In Stephens, the refused instruction is not set out; it would seem from the Court's description that it was in effect one declaring contributory negligence as a matter of law; it was also held that the instruction was not justified by the evidence. Nevertheless, the rule stated in the opinion in discussing the instruction was substantially one defining negligence as a matter of law, and to that extent it should not be followed. In Morgan, supra, the instruction in question was erroneous because it ignored the manner in which plaintiff had actually traveled over the defective place; that, of course, would be an independent ground of negligence, and the discussion was largely on that point. The approval by the Court of the phrase "glaringly dangerous" seems to have been confined to those situations where one should be held negligent as a matter of law in using the sidewalk at all.

If defendant wished here to submit the fact issue of contributory negligence in choosing to go through the alley in preference to the lighted sidewalks, it was only necessary to hypothesize that if the alley

(at that location) was so dark that, under all the existing facts and circumstances which the evidence showed were known or should have been known to plaintiff, it appeared so dangerous that a person of ordinary care and prudence would not have attempted to use the alley when a safe and lighted way was available, and that plaintiff was negligent in so using it, then (with the other requisites of such an instruction) he could not recover. We must remember here that the only possible danger which plaintiff could see, or of which he supposedly knew, was the darkness.

 We conclude, however, that the instruction as offered was specifically defective and that it was properly refused. It does not hypothesize that a person of ordinary care and prudence would not have used the alley under the circumstances. This is an essential of such an instruction. Capriglione v. Southwestern Bell Telephone Co., Mo., 376 S.W.2d 205; Johnson v. Presley, Mo., 320 S.W.2d 518. The mere requirement of a finding that he was "negligent" does not sufficiently meet this requirement here. While we do not hold that this instruction assumes plaintiff's knowledge of the open manhole (as counsel argue), we do feel that it depreciates his lack of knowledge, in that it makes no reference whatever to the matter; and this is especially significant because he had walked through the alley and practically over the manhole about two hours previously. By reason of its omissions, the instruction would have constituted a misdirection and it was properly refused.

The other contentions made in the Court of Appeals were not briefed or argued here. However, since we take the case anew, we rule them. On the claim of alleged excessiveness of the verdict, we concur in the ruling of the Court of Appeals, which denied the contention after a full review of the evidence.

The remaining point is that Instruction No. 4 on damages was erroneous. The Court of Appeals held that the point had not been

preserved in the motion for new trial and that it found no "plain error." We find that defendant rather specifically alleged error in an instruction described as "No. 5," which allegations, fairly considered, could only have been meant to apply to Instruction No. 4. There were other specifications directed to Instruction No. 5, which clearly applied to it. We are unwilling to rule the point on this pure inadvertence. However, we have considered the arguments and contentions raised as to Instruction No. 4 and we find no prejudicial error in it; nor do we believe the jury was misled. There was some evidence to support the various elements submitted, and the evaluation of each part of that evidence was for the jury; one of these elements was the extent and duration of the aggravation of plaintiff's back condition. Since defendant has not renewed its contentions on these two points in its supplemental brief filed here, we feel that no extended discussion is necessary.

The judgment of the trial court is affirmed.

All concur.