**E. P. BULLOCK, Plaintiff-Appellant,**

v.

**BENJAMIN MOORE AND COMPANY, a corporation, Defendant-Respondent.**

No. 8421.

Springfield Court of Appeals.

Missouri.

May 22, 1965.

Rehearing Denied June 8, 1965.

James E. Reeves, of Ward & Reeves, Caruthersville, for plaintiff-appellant.

David E. Blanton, of Blanton, Blanton & Rice, Sikeston, for defendant-respondent.

RUARK, Presiding Judge.

This is an appeal by plaintiff from a verdict-based judgment for defendant-respondent in a suit involving personal injuries in the form of burns which resulted from the explosion of can of paint.

The pleadings: Count I, upon which plaintiff submitted, was based on implied warranty. It alleged that plaintiff purchased two sealed gallon cans of outside white paint from a local supply company. Such paint was manufactured by the defendant and placed for sale with the implied warranty that it was fit and proper for use, but that such implied warranty "was false and untrue and that said paint was unsound and unsuitable for painting and was in fact highly volatile and inflamable"; that the cans exploded and sprayed flaming paint upon plaintiff's body, causing the personal injuries complained of. Defendant's answer included, among other things, contributory negligence and assumption of risk.

The evidence: Plaintiff, who was a farmer but had previously had about three years' experience in a general country store which sold paint among other things, bought two one-gallon cans of outside white with sealed covers, a gallon of thinner and one quart of enamel. These were placed in a carton and put in the back of his pickup truck. This was on a clear but windy May 3rd, with temperature about eighty degrees. There was no fire around the paint. He parked his truck in the driveway about fifty feet from his house and about thirty feet from a smaller building where he went to clean his brushes. While he was so cleaning brushes, one of the cans of outside white exploded and the lid fell close to where he was standing. The carton caught, or was, afire. Plaintiff seized a spade and ran to the side of the truck, intending, as he said, "to

put it out for my house was right there by it, and of course my truck, I wanted to save it." At that time the fire was inside the carton, and the outside of the carton was not yet afire. While plaintiff was at the side of the truck, the jug of paint thinner exploded. Plaintiff took the spade and, apparently reaching over the side, attempted to "swipe" the carton out of the rear end of the truck (the tailgate was down). This being unsuccessful, he ran around to the rear of the truck and put one leg up on the tailgate—"I started to kind of get up in the truck"—in order to swipe out the carton. At that time the *second* can of outside white exploded and threw burning paint against plaintiff's leg. On cross-examination he testified:

"Q. So your purpose of going over there was, as a matter of fact, not to safeguard life, your life, or your person, but to safeguard personal property, isn't that correct?

"A. That is right. I didn't think it would amount to too much when I tried to put it out, you know, but it was worse than what I thought it was."

On behalf of defendant, the Court gave Instruction No. 6 which is as follows:

"The Court instructs the jury that if you find and believe from the evidence that at the time the plaintiff parked the pick-up truck referred to in the evidence in the driveway of the house where he lived, that there was contained in the back end of said pick-up truck a paper or cardboard paint box containing, among other things, paint and thinner, and that after parking said truck as aforesaid the plaintiff was some distance away from said truck and that a fire occurred in the back end of said pick-up truck and that the plaintiff's attention to said fire in said truck was caused by a noise, and by the top of a paint can being thrown into the air and landing in the area where the said plaintiff was then and there standing, and that the plaintiff was then and there in a place of reasonable safety with reference to said truck and the fire therein, and that thereafter the plaintiff approached in close proximity to said truck and the fire burning therein, for the purpose of extinguishing said fire and thereby protecting said pick-up truck and other property, if you so find, and that the plaintiff saw, or knew, or by the exercise of ordinary care, should have seen or known that there was danger of fire and explosion of the other substances and contents of said pick-up truck, if you so find, and if you further find that the plaintiff thereafter attempted to climb into the bed of said truck for the purpose of subduing said fire and removing the burning substance from said pick-up truck, and that there was then an explosion in the pick-up truck and that as a result of said explosion a burning substance was sprayed upon the plaintiff, directly resulting in burns and injuries to the said plaintiff, then you are further instructed that the plaintiff assume[d] the risk of said burns and injuries, and your verdict will be in favor of the defendant and against the plaintiff."

Plaintiff contends that is practically a peremptory instruction for the defendant since it hypothesizes the facts of plaintiff's case; that such instruction (a) does not require a finding that plaintiff's conduct was voluntary, (b) does not require a finding of knowledge (c) does not relate plaintiff's conduct to any standard of care or require a finding that he acted unreasonably. He contends that the evidence showed that plaintiff was confronted with a choice of attempting to protect his property from destruction due to defendant's tortious conduct and that his conduct was reasonably necessary and therefore not voluntary. Defendant-respondent contends the instruction was proper because (1) defendant was entitled to a directed verdict because plaintiff left a place of safety and entered an area of apparent danger for the sole purpose of

protecting personal property, (2) plaintiff assumed the risk in so doing, (3) there was no issue as to whether plaintiff's conduct was "voluntary," (4) the instruction submitted the question of knowledge and exercise of reasonable care.

It is our view that defendant's Instruction No. 6 was insufficient because it did not fairly submit the question of whether plaintiff was in the exercise of ordinary care in entering upon the course of conduct which he did enter upon.

We will not compound the confusion surrounding the doctrine of assumption of risk, or of "incurred risk," by attempting to wade through the various distinctions and definitions or by considering whether or not (except perhaps for risks expressly assumed) there is any further need in the law of Missouri for doctrine.[1]

■ Assumption of risk is based upon consent, assent, or "waiver" of the results coming from the plaintiff's conduct in entering into the place of peril, or upon the course of chosen conduct. Such being the case, this consent must be (a) voluntary, and (b) with knowledge, comprehension, or "appreciation" of the risks involved. 65 C.J.S. Negligence, § 174, p. 848 et seq.; 38 Am. Jur. Negligence, § 173, p. 847; Terry v. Boss Hotels, Inc., Mo., 376 S.W.2d 239; Fletcher v. Kemp, Mo., 327 S.W.2d 178, 183, 186. Where plaintiff claims the defendant owes plaintiff an affirmative duty and a wrong is done in violation of that duty, and as a consequence of that wrong and as a choice of alternatives the plaintiff enters upon a course of conduct which involves a danger, the end product may be what some

writers refer to as assumption of risk in the "secondary sense." [2] In such situation there is considerable controversy and conflict as to whether the conduct of the plaintiff is really contributory negligence. It is said that it is a "phase" of contributory negligence. It is also said that contributory negligence and assumption of risk overlap at this point.[3] But irrespective of doctrinal nomenclature, all authorities hold that the plaintiff's conduct *in respect to "voluntariness" and "appreciation"* of the risk is to be judged by the standard of that of a reasonably prudent person exercising ordinary care for his own safety under the circumstances existing at the time. 65 C.J.S. Negligence, § 174, p. 851, and citations supra. Respondent recognized the reasonable-person theory by requiring a finding that plaintiff knew "or by the exercise of ordinary care should have seen and known" the danger of explosion. This is the general rule which is applied in contributory negligence cases. See Fields v. Kansas City, Mo., 383 S.W.2d 543, 547, and cases cited.

■ The voluntary choice above referred to means one made with freedom of will, with "more or less deliberation" (82 A.L.R.2d, Annot., p. 1233), and the "voluntariness" and appreciation of dangers involved in making that choice are somewhat related and interdependent; both involve the exercise of mental processes. The reasonable person when confronted with an emergency not of his own making, or the necessity of making a sudden decision, has less opportunity to "deliberate" in order to determine what course of action he should (or should not) follow and, in some instances at least, less opportunity to comprehend and "appreciate" the risk which he

1. Those interested might examine 82 A.L.R.2d Annot., 1218 et seq., and discussion in Halepeska v. Callihan Interests, Inc. (Tex.) 371 S.W.2d 368.

2. Harper and James, The Law of Torts, Vol. 2, § 21.1, p. 1162 et seq.; 82 A.L.R. 2d Annot., § 6, p. 1238, § 9, p. 1248; Saporito v. Holland-America Lines (3rd Cir.) 284 F.2d 761, 764; Meistrich v.

Casino Arena Attractions, 31 N.J. 44, 155 A.2d 90, 82 A.L.R.2d 1208.

3. Restatement, Torts, § 893(c), p. 494; Prosser, Law of Torts (2d Ed.), § 55, p. 304; 65 C.J.S. Negligence, § 117, p. 709-710; See White v. McVickers, 216 Iowa 90, 246 N.W. 385-386; Bull S.S. Line v. Fisher, Md., 196 Md. 519, 77 A. 2d 142; McGeever v. O'Byrne, 203 Ala. 266, 82 So. 508, 511.

faces. 65 C.J.S. Negligence, § 17, p. 408, 412; McCallum v. Executive Aircraft Co., Mo.App., 291 S.W.2d 650, 654; Mayne v. May Stern Furniture Co., Mo.App., 21 S.W. 2d 211, 213; Wilson v. United Rys. Co. of St. Louis, Mo., 181 S.W. 19, 20; see Miner v. Connecticut River R. Co., 153 Mass. 398, 26 N.E. 994; Hercules Powder Co. v. Crawford (8th Cir.) 163 F.2d 968. There is also the matter of compulsion or inducement (as affecting voluntariness) where one is confronted with the choice of preserving a right or of saving property. The respondent has cited four cases[4] which say in substance that generally a person is not excused from the consequences of his own acts in exposing himself to the danger of injury for the mere purpose of saving personal property. With this general statement we have no quarrel, but it seems to us that if we are to judge the mental processes of a person in regard to making a free and "more or less deliberate choice" with knowledge and appreciation, the "voluntariness" of a reasonably prudent person might be influenced, and to some extent measured by, the enormity of the threatened loss in comparison with the degree of risk involved, especially in the exigencies of an emergency. (See Slinkard v. Lamb Const. Co., Mo.App., 212 S.W. 61, affirmed 225 S.W. 352; Hill v. East St. Louis Cotton Oil Co., 202 Mo.App. 478, 214 S.W. 419.) If the danger is so apparent that a reasonable person would and should have seen it and recognized it, then we doubt that plaintiff will be heard to say that he did not recognize or appreciate it. For what one knows and what one should know are equivalent in the law. Cooley on Torts (3rd Ed.) Vol. II, § 1042, p. 1048; Arnold v. May Department Stores Co., 337 Mo. 727, 85 S.W. 2d 748, 753.

■ But what *was* the risk assumed? One is not ordinarily required to assume in advance the risk of another's wrongful act which he has no opportunity to anticipate. Hathaway v. Evans, Mo.App., 235 S.W.2d 407(8); McCormick v. Lowe & Campbell Athletic Goods Co., 235 Mo.App. 612, 144 S.W.2d 866. And one has the right to rely upon a warranty or representations until common sense tells him he cannot (see Humbyrd v. Spurlock, Mo.App., 345 S.W.2d 499, 502, and cases at Footnote 6). The plaintiff had the right to assume the outside white paint was fit for ordinary use (and did not have a tendency to explode) until he should have known better. The explosion of one can would advise him that *that* can was not fit and was explosive; to a lesser degree he would have cause for apprehension as to whether *all* of defendant's outside white paint would explode. The real risk assumed, however, was not the fact of another possible explosion *as such*, but the risk that it would be of such nature *as to cause injury* to the plaintiff in the circumstances here related.

■ To be charged with assumption of risk, one must not only know the facts which create the danger but must comprehend and appreciate the danger itself. Prosser, Law of Torts, Hornbook Series (2d Ed.), p. 309; Humbyrd v. Spurlock, supra, 345 S.W.2d 499, 503, and cases at Footnote 10. And one's knowledge of a general condition from which the danger arose *does not necessarily constitute knowledge and appreciation of the danger of injury*. Gitterman v. Danella, Mo., 356 S.W.2d 52, 54–55; Russo v. Garrison, Mo.App., 357 S.W.2d 257, 260. The mere knowledge of the fact that an injury *might* result without appreciation of the risk to which his conduct exposed him is not sufficient. Hosford v. Clark, Mo. App., 359 S.W.2d 424, and cases at 428. Assume that plaintiff knew there was the likelihood of explosion of the second can. It does not necessarily follow as a matter of law that a reasonably prudent person in the

4. McManamee v. Missouri Pac. Ry. Co., 135 Mo. 440, 37 S.W. 119; Gwaltney v. Kansas City So. Ry. Co., 339 Mo. 249, 96 S.W.2d 357; Eversole v. Wabash R. Co., 249 Mo. 523, 155 S.W.2d 419; Logan v. Wabash Ry. Co., 96 Mo.App. 461, 70 S.W. 734; see also Ellmaker v. Goodyear Tire & Rubber Co., Mo.App., 372 S.W.2d 650, 657.

exercise of ordinary care for his own safety would be bound to know that the result of a second explosion would likely be some injury to himself if he were near the truck. To illustrate: Let us suppose that, instead of a can of outside white paint, the object was a child's small firecracker. We would assume that the average person should be taken to know the firecracker would explode and throw sparks, but we would hesitate to say that plaintiff is to be charged with knowledge as a matter of law *that such explosion would injure him* if he were in the vicinity. The opposite extreme would be a box of dynamite. There it would probably be "glaringly apparent." The whole thing is somewhat a matter of degree (not of negligence, but of reasonable comprehension); and the question of voluntariness and apprehension of the ultimate danger, that of injury to the person, involves something concerning which reasonable men might disagree. See Brandt v. Thompson, Mo., 252 S.W.2d 339; Beckett v. Kiepe, Mo.App., 369 S.W.2d 258.

In Bartels v. Continental Oil Co., Mo., 384 S.W.2d 667, a fireman at a burning bulk storage plant was injured by an exploding fuel tank which, unknown to him, was improperly vented. It was held that an instruction submitting ordinary care for his own safety was required. In Lee v. Missouri Pac. Ry. Co., 195 Mo. 400, 92 S.W. 614, 621, an instruction which hypothesized the unblocked guard rails, the knowledge of such; and the experience of the injured person in regard to the dangerous condition, but omitted the question of whether he might have reasonably hoped to avoid injury by the exercise of ordinary care, was held deficient.

■ We think it was for the jury to determine whether or not the plaintiff was to be charged with knowing and "appreciating" that he would likely be injured by an explosion of the second can of paint, and thus whether or not he exercised ordinary care in going out to the truck in the circumstances here related. But the jury was not given the opportunity to pass on that question. The instruction hypothesizes the situation, the fire and the first explosion, and the danger of another explosion, and directs a verdict. It condemns plaintiff's case if he knew or should have known these facts; it does not give the jury the privilege of determining the question of whether or not, on these conceded facts, the plaintiff was in the exercise of reasonable care in entering upon the course which he followed. For that reason we think the instruction is insufficient and that the judgment should be reversed and the cause remanded. So ordered.

STONE and HOGAN, JJ., concur.